■ JEAN PAYNE, Individually and on Behalf of Her Minor Children, Petitioner, v. JULE SUGARMAN, as Commissioner of the New York City Department of Social Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 to annul a determination of respondent State Commissioner, dated December 7, 1971 and made after a statutory fair hearing, which affirmed a decision of respondent City Commissioner to terminate public assistance benefits to petitioner's children on the ground that petitioner had failed to comply with section 360 of the Social Services Law in that she refused to execute a bond and mortgage on certain real property to the respondent City Department of Social Services. Application granted; determinations of both respondents annulled, on the law, without costs; and the benefits to the children are directed to be reinstated, retroactively from September 8, 1971, the date of termination. In our opinion, the intent of Congress, in its adoption of sections 601 *et seq.* of title 42 of the United States Code, which set forth the requirements of need and dependency for the Aid to Dependent Children grant which petitioner's children were receiving, was to secure such grants for eligible children, notwithstanding a refusal of the parent to comply with a local agency's demands under section 360 of the Social Services Law. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL ANGEL DELGADO, JR., Appellant.— Judgment of the Supreme Court, Queens County, rendered June 24, 1971, affirmed (former Code Crim. Pro., § 542, now CPL 470.05, subd. 1). Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEONARD LOMONACO, Appellant.— Judgment of the County Court, Nassau County, rendered June 9, 1971, affirmed (*People* v. *Mintz*, 38 A D 2d 943). Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD MULLER, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, dated March 17, 1971, which dismissed the application without a hearing. Order affirmed. On a prior *coram nobis* hearing defendant testified that he had in fact attempted to appeal from his 1959 judgment of conviction within the time limited by statute, but that his notice of appeal (consisting of letters addressed to the County Clerk and the District Attorney) was not mailed by the Warden. That claim was found to be untrue; and the denial of defendant's application was affirmed by this court (*People* v. *Muller*, 35 A D 2d 784). In view of the record, defendant's present claim that he was unaware of his right to appeal was properly rejected by the County Court. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.