Joseph J. Kuhzemaw, J.
This is a special proceeding, pursuant to CPLR article 78 to annul a determination after a fair hearing discontinuing a grant of assistance to petitioner’s children in the aid to dependent children category. Petitioner has four minor children, one, her youngest child Renee, by her present husband Thomas Cole, and three by a previous marriage. Petitioner seeks restoration of assistance only as to her three eldest children.
Based upon the evidence adduced at the fair hearing, respondent Lavine found as fact that petitioner had remarried, that she had been receiving some support from her husband since July, 1968, that she and her husband had purchased a home on July 11,1973 and that she had failed to inform the social services agency of any of these facts. Respondent concluded that the termination of assistance by the agency was therefore correct.
Respondent Dumpson contends that issues of substantial evidence have been raised by the petition, and that, therefore, transfer to the Appellate Division is required. (CPLR 7803, subd. 4; 7804, subd. [g].) Petitioner insists, however, that the only ground for annulment relied upon is that the determination of respondent was arbitrary, capricious and erroneous as a matter of law, and that the substantiality of the evidence in *178 support of the findings is not under challenge. Under these circumstances, transfer is not indicated. (Norton v. Lavine, 74 Misc 2d 590; Matter of Robertson v. Lavine, 71 Misc 2d 757.)
The court holds that the findings made by respondent Lavine are insufficient as a matter of law to support his determination.
The mere fact that a recipient of aid for the benefit of her minor children has remarried and taken up residence with her new husband is insufficient taken alone to warrant a determination that the children are ineligible for assistance. (See King v. Smith, 392 U. S. 309.) Had respondent found that Thomas Cole had been contributing to the support of his stepchildren, then the amounts so contributed could have been applied to reduce or perhaps eliminate their need for assistance. Respondent, however, made no such finding. Thus, neither the income nor the resources of Thomas Cole can be considered in determining the eligibility of these children. (Matter of Uhrovick v. Lavine, 43 A D 2d 481; Matter of Slochowsky v. Lavine, 73 Misc 2d 563.)
In his “ Decision After Fair Hearing ”, respondent does find that Thomas Cole had been ‘ ‘ providing support since July of 1968 ’ ’. This finding is at best ambiguous, since the recipient of that support is not specified. The only pertinent evidence in the record indicates that the “ support ” referred to consists of a $15 per week allowance to Renee Cole, Thomas Cole’s natural daughter. Since petitioner is not seeking any assistance on behalf of Renee, this finding is' not relevant for purposes of this proceeding.
The fact that petitioner may share in the title to the home in which she and her children live does not in and of itself render her or the children ineligible for assistance. (Social Services Law, § 360, subd. 1; 18 NYCRR 352.27[a].) The social services agency has procedures at its disposal to prevent the undue enrichment of recipients who own property (see Social Services Law, § 360) but these do not include the termination of assistance to children who are otherwise in need. (See Matter of Payne v. Sugarman, 39 A D 2d 720, affd. 31 N Y 2d 845; Matter of Ryan v. New York State Dept. of Social Servs., 40 A D 2d 867.)
Nor is the discontinuance of aid to the children justified by any impropriety of petitioner in failing to notify the agency of changes in her personal circumstances. Needy dependent children cannot be cut off from the essentials of life because of claimed parental misconduct. (See Norton v. Lavine, 14: Misc 2d 590, supra; Matter of Robertson v. Lavine, 71 Misc 2d 757, supra.) If petitioner has in fact attempted to conceal material facts from the agency or to interfere with the proper administra *179 tion of public assistance, then procedures exist for dealing with such misconduct (see Social Services Law, § 145) but the children must not be permitted to suffer.
Furthermore, it is clear that all of the facts which the agency claimed were concealed were “ uncovered ” during the course of its investigation prior to the discontinuance of assistance. This is not therefore a case in which the agency terminated assistance because, due to the conduct of the recipient, it was unable to determine continuing eligibility.
It must be emphasized that aid to dependent children is a Federally funded program, and that therefore State action which frustrates the full effectiveness of the Federal legislative scheme (Social Security Act, U. S. Code, tit. 42, ch. 7) is unlawful under the supremacy clause of the United States Constitution. (See King v. Smith, 392 U. S. 309, supra; cf. Perez v. Campbell, 402 U. S. 637, 649.) Federal regulations provide that assistance and services included in an aid to dependent children plan shall be furnished promptly to eligible individuals and “ shall be continued regularly to all eligible individuals until they are found to be ineligible”. (Code of Fed. Reg., tit. 45, § 206.10, subd. [a], par. [5]; emphasis supplied.) The only eligibility requirements under such a plan are the “ need ” and “ dependence ” of the children (Doe v. Shapiro, 302 F. Supp. 761, app. dsmd. 396 U. S. 488; Norton v. Lavine, 74 Misc 2d 590, 599, supra). While respondent’s findings are relevant to the issue of need, they are not determinative of that issue. Respondent has terminated aid without having found that the need of the children has ceased, and his determination is in this respect arbitrary and erroneous as a matter of law.
Accordingly, the determination of respondent Lavine discontinuing assistance to the three eldest children of the petitioner is annulled and the matter is remitted to respondent for the determination of their continuing eligibility, such determination to be made in accordance with this memorandum.