■ In the Matter of JOAN ANNEXSTEIN, Respondent, v NORMAN ANNEXSTEIN, Appellant.—In a support proceeding, the appeal, as limited by appellant's brief, is from so much of an order of the Family Court, Queens County, dated February 27, 1975, as, in granting his motion to vacate an inquest and restore the case to the calendar, did so upon condition that he give a $7,800 bond on or before March 14, 1975 to secure future support payments. Order affirmed insofar as appealed from, with $20 costs and disbursements. No opinion. The bond shall be given within 20 days after entry of the order to be made hereon and the Family Court shall set a date for a new hearing upon fulfillment of the condition that the bond be given. Gulotta, P. J., Rabin, Martuscello, Latham and Christ, JJ., concur.

■ In the Matter of CARMEN COLON, on Behalf of Herself and Others, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to annul a determination of the respondent Commissioner of the Department of Social Services of the State of New York, dated November 29, 1974 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Department of Social Services of the City of New York, dated September 25, 1974, to terminate public assistance to petitioner and her two children and niece on the ground that petitioner failed to comply with 18 NYCRR 351.1. Application granted; determination of both respondents annulled, on the law, without costs; and the benefits in question are directed to be reinstated retroactively to the extent they have been withheld. The social services agencies could not properly deprive an otherwise eligible family unit of public assistance because of petitioner's failure to notify the local agency that her husband had forcibly moved into the household in July, 1974 and that she, one of her children and her niece had vacated the household in September, 1974, when there was no showing that the husband supported the family (NY Const, art XVII, § 1; cf. *Payne v Sugarman,* 39 AD2d 720). Rabin, Acting P. J., Hopkins, Latham, Christ and Shapiro, JJ., concur.