Robert P. Kennedy, J.
Petitioner Blake, formerly a recipient of public assistance (AFDC category), and petitioner Ash-ford, an applicant for same, here ask for judgment reversing and annulling respondents’ determination that they were ineligible for such aid. Respondents have moved to dismiss the petition pursuant to CPLR 7804 (subd [f]). Petitioner Blake lives with her four children in a home owned by her. Petitioner Ashford lives with her husband and four children in a home owned jointly by her and her husband. It is stated in the latter’s petition that the three children for whom she sought aid were conceived and born at a time when she was living separated from her husband and that they are children of other men. There is nothing to indicate that any proceedings have been had to determine their paternity and, therefore, the presumption of legitimacy notwithstanding, I will accept, for the purpose of this proceeding only, the truth of that statement. Ashford’s husband would, however, still be responsible for the support of the children under section 101 of the Social Services Law.
Petitioner Blake was notified that her assistance would be terminated unless she gave the Social Services Department a mortgage on her real property. Petitioner Ashford was advised when she applied for assistance that she would be required to give a mortgage on her property. Both petitioners refused to give a mortgage and Blake’s assistance was terminated and Ashford’s application was denied. Fair hearings were had as to both matters.
Petitioners’ first claim is that respondents failed to comply with 18 NYCRR 352.27 (a) which authorized the agency to take such a mortgage "in accordance with sections 321.1 (a) and 322 of the Social Services Law, taking into consideration the factors listed in subdivision (b) and (c) of this section”. This section was amended, however, September 10, 1975 and, among other matters, references to "sections 321.1(a) and 322 of the Social Services Law” (which sections were repealed by the Laws of 1974) and "subdivisions (b) and (c) of this section” were omitted.
Prior to September 10,* 1975, the date 18 NYCRR 352.27 was amended, the commissioner could (emphasis mine), in determining eligibility, take a mortgage. If he made such a deter *867 mination, he was mandated by the section to consider the factors listed in subdivisions (b) and (c) of 18 NYCRR 352.27. In our case he certainly wasn’t required to act in accordance with the two sections of the Social Services Law which had been repealed a year before the determination here. Respondents argue that subdivisions (b) and (c) have no application where a mortgage is being requested but apply only where the commissioner takes an assignment of a deed or intends to liquidate the property. Following the amendment of 18 NYCRR 352.27, I agree. Prior to the amendment, however, I disagree.
Subdivision (a) said that he will consider those factors if he decides to take "a deed, mortgage or lien” (emphasis added). Subdivision (a) incorporated the matters required to be considered in (b) and (c) by reference to those subdivisions. There is no other reason for their being set out in subdivision (a).
The decision to terminate Blake was apparently made, at least, by August 26, 1975 as shown by petitioners’ Exhibit No. 3. In that document Blake was notified that her public assistance grant would be terminated September 4, 1975 because of her failure to give the mortgage. There is no claim by respondents that "old” 18 NYCRR 352.27 was complied with and petitioners claim that it wasn’t. Since the determination as to Blake was made prior to the amendment and since the section was not complied with, the determination as to her must be reversed and annulled. The same is not true as to Ashford. Her application for a grant was made September 24, 1975, after the section was amended, and, therefore, there was no requirement for the respondents to consider the items under subdivisions (b) and (c). Her reliance on Matter of McNeair v Sipprell (82 Misc 2d 724), is misplaced as that case dealt with the section in question before its amendment. Ashford’s application on this ground is, therefore, denied.
Petitioners’ second claim is that the State may not terminate or refuse to grant aid to dependent children because of the parent’s refusal to give a mortgage. They argue that the "imposition of additional state eligibility requirements is a violation of the Social Security Act’s requirement that aid shall be furnished promptly to all eligible individuals. 42 U.S.C. 602(a)(10), 45 C.F.R. 206.10(a)(5).”
Petitioners cite Payne v Sugarman (39 AD2d 720) Second Department, which held that such section set forth the requirements of need and dependency to secure grants for *868 eligible children, "notwithstanding a refusal of the parent to comply with a local agency’s demands under section 360 of the Social Services Law”. On appeal the Court of Appeals (31 NY2d 845, 847), affirmed on a completely unrelated ground, one of title to the property in question, expressly stating, "We pass on no other question.” Judge Breitel’s dissent in Payne (supra, p 847) said, "As for the validity of section 360 of the Social Services Law, since the majority does not reach the question, it is enough to refer to Snell v. Wyman (281 F. Supp. 853, 867-869, affd. on mot 393 U.S. 323) upholding the conformity of that very section with applicable Federal law.”
Following this, the First Department, in Williams v Wyman (41 AD2d 636), unanimously said: "The court notes parenthetically that it rejects the contention of petitioners that section 360 of the Social Services Law is unconstitutional (Snell v. Wyman, 281 F Supp 853, affd. 393 U.S. 323; cf. Matter of Payne v. Sugarman, 31 NY2d 845, 847).” , It is interesting to note that the First Department, in referring to Payne, used the Court of Appeals citation and specifically set out page 847 in its citation. The only reference to this point on page 847 is contained in Judge Breitel’s dissent.
A case in point, one in which a Pennsylvania statute similar in all important respects to the one under attack here, one which required AFDC applicants who own certain types of real or personal property to agree, as a condition of receiving assistance, to reimburse the Commonwealth for assistance received and to give a lien on the property as security was challenged as being violative of the due process and equal protection clauses and because they imposed an additional condition of eligibility beyond that of need and dependency, is Charleston v Wohlgemuth (332 F Supp 1175, affd 405 US 970). There, the Judge, citing Snell v Wyman (281 F Supp 853, affd 393 US 323) and quoting from New York Law authorizing the commissioner to demand a deed or mortgage, struck down all of the petitioners’ arguments, concluding (p 1187): "We have determined that the Pennsylvania Welfare Regulations which require the execution of PA-9 and PA-176K forms as a condition of receiving AFDC assistance do not violate the equal protection or due process clauses of the Fourteenth Amendment and are not in conflict with the Social Security Act.” Form PA-9 referred to above, by way of a confession of judgment, gives the Commonwealth a lien against the real estate as security for the reimbursement program, the same function performed by the mortgage under our law.
*869 Following the affirmance of Charleston (supra), by the United States Supreme Court, and because of it, Judge Port of the Northern District of New York in Akins v Lavine (Sept 18, 1974, Index 73-CR-12) sua sponte, vacated a judgment previously granted by him declaring sections 106 and 360 of the Social Services Law void insofar as they required the execution of deeds or mortgages as a condition of eligibility or continued eligibility for benefits under AFDC. He then granted summary judgment to the commissioner dismissing plaintiffs’ claims.
Since we are dealing with a Federal question, i. e., do the New York statutes and regulations under attack here add additional and unauthorized eligibility standards for qualification for AFDC, the affirmance of Charleston v Wohlgemuth (supra), by the United States Supreme Court is controlling (United Lead Co. v Lehigh Val. R.R. Co., 156 App Div 525, affd 215 NY 751). Petitioners’ claim on this ground is, therefore, denied.
For the foregoing reasons: (1) petitioner Blake’s application for an order reversing and annulling respondents’ failure to comply with 18 NYCRR 352.27 is granted; (2) as to all other matters, respondents’ motion to dismiss the petition is granted in all respects.