■    In the Matter of LORETTA LIA, Respondent, v STEPHEN BERGER, as Commissioner of the Department of Social Service for the State of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated March 2, 1976 and made after a statutory fair hearing, which affirmed a determination of the Commissioner of the Suffolk County Department of Social Services denying petitioner-respondent's reapplication for assistance in the category of aid to families with dependent children, the said commissioners appeal from a judgment of the Supreme Court, Suffolk County, entered June 30, 1976, which directed them to reinstate petitioner's grant. Judgment reversed, on the law, without costs or disbursements, determination of the State commissioner confirmed, and proceeding dismissed on the merits. Petitioner and her minor child have been recipients of public assistance in the aid to families with dependent children category since 1966. Petitioner's child was born out of wedlock in 1962 and, in 1969, Joseph Cosimo was adjudicated the father. A support order by the Family Court directing Mr. Cosimo to pay $7.50 per week is still in effect. In 1973 petitioner and Joseph Cosimo acquired title to a house in Selden, New York, involving a cash transaction of approximately $13,000, in addition to a mortgage of $20,000. In 1974 they acquired title to a home in Centereach, New York, conveyed to them by one of petitioner's sons and his wife. Petitioner is named as a grantee on both deeds as Loretta Cosimo. She and her son reside at the Selden home. On October 30, 1975 petitioner's grant was terminated by the local agency, based upon her alleged refusal to provide information with respect to the afore-mentioned real properties and her failure to execute bonds and mortgages to the agency on these parcels, pursuant to section 360 of the Social Services Law. After a statutory fair hearing on December 2, 1975, the local agency's determination was sustained by the State commissioner. Petitioner reapplied to the local agency for assistance on February 23, 1976, but her application was denied on the ground that she had, in the interim, conveyed one of the two parcels of real property to Joseph Cosimo in order to render herself eligible for assistance. A determination by the State commissioner, dated March 2, 1976, affirmed the denial, based upon the transfer and the failure of petitioner to comply with the agency's request for a bond and mortgage. It appears from the record that no transfer of title has been recorded as to the parcel in Centereach, New York. According to petitioner, she took title to the Selden

property with Joseph Cosimo in contemplation of marriage, but she alleges that she did not contribute any moneys towards the purchase price, and never assumed responsibility for any mortgage or operating expenses. The marriage between petitioner and Cosimo never occurred because Joseph Cosimo never obtained a divorce from his wife. Petitioner receives a rent allotment from the local agency of $215 per month, which she pays to Cosimo for rental of the house. At the hearing the "corrective instrument" introduced as proof of the transfer of petitioner's interest in the Selden property was an undated, unconformed copy of a deed. In *Payne v Sugarman* (39 AD2d 720, affd on other grounds 31 NY2d 845), we held that "the intent of Congress, in its adoption of sections 601 *et seq.* of title 42 of the United States Code, which set forth the requirements of need and dependency for the Aid to Dependent Children grant which petitioner's children were receiving, was to secure such grants for eligible children, notwithstanding a refusal of the parent to comply with a local agency's demands under section 360 of the Social Services Law." Pursuant to section 360, the ownership of real property by an applicant does not preclude the granting of aid to dependent children; however, the agency may require, as a condition of the grant, that it be given a deed or mortgage on such property. Our decision in *Payne v Sugarman (supra)* was limited by the Court of Appeals, which based its affirmance upon the ground that the petitioner was not the actual owner of the property in question. The facts presented here are distinguishable from those in *Payne.* There, the petitioner resided with her five children in a house purchased by her first husband, with title taken in both his name and petitioner's. He supported petitioner and their two children and she received public assistance allotments solely for food and clothing for the three children of her second marriage. Here, the petitioner and her child are recipients of aid to families with dependent children. Petitioner is receiving a rental allowance which is being paid to the child's father for rent on a house to which, until recently, she shared joint title. As already noted, she still has title with Mr. Cosimo to another house, conveyed to them by a son of the petitioner. At the hearing petitioner was evasive when questioned as to her record ownership of the Selden real property and, in our view, the record before us raises a strong suspicion of fraud. Nor is there any convincing evidence that the child is not being properly provided for absent any award in the category of aid to families with dependent children. The constitutionality of section 360 of the Social Services Law, as applied to recipients of aid to families with dependent children, was upheld in *Snell v Wyman* (281 F Supp 853, affd 393 US 323). More recently, in *Charleston v Wohlgemuth* (332 F Supp 1175, affd 405 US 970), the court upheld a regulation of the Pennsylvania Department of Public Welfare which required recipients of aid to families with dependent children who owned real estate to sign a form, as a condition to their receiving assistance, giving the State a lien on the property as security for a promise of reimbursement. Petitioner argues that section 104-a of the Social Services Law may not be used as authority for denying benefits, solely because petitioner transferred property without consideration, pursuant to *Matter of Shook v Lavine* (49 AD2d 238). We note that in *Shook,* the petitioners were not receiving assistance while retaining an interest in property, and that the holding there was based upon the transfer of "past resources". Based upon the provisions of section 360 of the Social Services Law, and the facts presented herein, the determination to discontinue petitioner's grant of assistance was proper. Hopkins, Acting P. J., Cohalan, Damiani and Hawkins, JJ., concur.