■     YORKSHIRE FOOD SALES CORP. et al., Appellants, v DANIEL P. HENRICH, Doing Business as DANNY BOY DISTRIBUTOR, Respondent.—In an action, *inter alia,* to enjoin the defendant from servicing and selling to certain store customer accounts, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered January 2, 1977, which, after a nonjury trial, dismissed the complaint and directed a trial of the defendant's counterclaims. Order affirmed, with $50 costs and disbursements, upon the opinion of Mr. Justice Young at Special Term. Gulotta, P. J., Latham, Damiani and O'Connor, JJ., concur.

■     In the Matter of MARYLYN ALVARADO, Respondent, v STATE DEPARTMENT OF SOCIAL SERVICES, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated January 15, 1976 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner-respondent's assistance in the category of aid to families with dependent children, the appeal is from a judgment of the Supreme Court, Suffolk County, dated September 1, 1976, which annulled the determination and directed the reinstatement of petitioner's grant. Judgment reversed, on the law, without costs or disbursements, determination of the State commissioner confirmed and proceeding dismissed on the merits. Petitioner is the grantee of aid to dependent children for three of her children from a former marriage supplementing support payments made by their father. The children, petitioner and her present husband reside in a house which is jointly owned by petitioner and her former husband. Petitioner's present husband supports her and also makes the payments on the mortgage on the house; the children are not being provided with a shelter or mortgage grant. Pursuant to subdivision 1 of section 360 of the Social Services Law, the Department of Social Services requested petitioner to sign a bond and mortgage to it of her interest in the house (see, also, 18 NYCRR 369.2 [a]). The department determined to discontinue the assistance when petitioner refused to comply with this request. The discontinuance of the assistance upon petitioner's refusal was both constitutional (see *Snell v Wyman,* 281 F Supp 853, affd 393 US 323; *Charleston v Wohlgemuth,* 332 F Supp 1175, affd 405 US 970) and proper (see *Matter of Lia v Berger,* 57 AD2d 838). Shapiro, J. P., Titone, Suozzi and O'Connor, JJ., concur.