■    In the Matter of ROSEMARY PRIMEAU, on Behalf of Herself and Her Infant Children, RENEE and Another, Respondent, v PHILIP TOIA, Individually and as Commissioner of the New York State Department of Social Services, Appellant.—Judgment unanimously reversed, on the law, without costs, determination of the State commissioner confirmed and petition dismissed. Memorandum: Petitioner instituted this article 78 proceeding to annul a determination of the State Commissioner of Social Services made after a fair hearing, which affirmed a determination of the local agency to discontinue her assistance in the category of aid to families with dependent children. Special Term annulled the commissioner's determination insofar as it discontinued assistance to petitioner's two minor children and directed that their benefits be restored retroactively to the date of discontinuance. Respondent appeals. Petitioner's assistance was discontinued because she refused to execute a mortgage upon her real property in compliance with the demand of the local agency made pursuant to subdivision 1 of section 360 of the Social Services Law. That section provides, inter alia, that the "social services official may * * * require, as a condition to the granting of aid or the continuance thereof, that he be given a deed of or a mortgage on such property". Petitioner asserts that the only prerequisites for the granting of aid to dependent children are dependency and need. She contends that the denial of aid to her children violates both the equal protection and due process clauses of the Fourteenth Amendment, and impermissibly conflicts with the Social Security Act by expanding the eligibility qualifications to obtain assistance. We do not agree. The same arguments were asserted and rejected in Charleston v Wohlgemuth (332 F Supp 1175, affd 405 US 970) where a requirement comparable to that contained in subdivision 1 of section 360 of the Social Services Law was under review (see Snell v Wyman, 281 F Supp 853, affd 393 US 323; Matter of Alvarado v State Dept. of Social Servs., 59 AD2d 779; Matter of Williams v Wyman, 41 AD2d 636; Blake v Berger, 85 Misc 2d 865). Petitioner's reliance upon Matter of Payne v Sugarman (31 NY2d 845) and Matter of Messina v Toia (60 AD2d 602) is misplaced. The issue presented in those cases concerned ownership of the real property. Here it is undisputed that petitioner is the owner of the real property on which the mortgage was sought. Nor may petitioner rely upon Matter of Derocha v Berger (55 AD2d 1042), a case which did not involve the application of section 360 of the Social Services Law. (Appeal from judgment of Oneida Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Dillon, and Witmer, JJ.