Gail **PODRAZIK**, Individually and on behalf of her five infant children and on behalf of all other persons similarly situated, Plaintiff,

v.

Barbara B. **BLUM**, Individually and as Commissioner of the New York State Department of Social Services, and Richard J. Staszak, Individually and as Commissioner of the Schenectady County Department of Social Services, Defendants.

No. 79–CV–386.

United States District Court,
N. D. New York.

Sept. 14, 1979.

Legal Aid Society of Schenectady County, Inc., for plaintiff; James S. Martin, Schenectady, N. Y., of counsel.

Robert Abrams, Atty. Gen. of the State of New York, Albany, N. Y., for defendant Blum; Diane DeFurio Foody, Asst. Atty. Gen., Albany, N. Y., of counsel.

Frank Tedeschi, Counsel, Schenectady County, Dept. of Social Services, Schenectady, N. Y., for defendant Staszak.

MEMORANDUM–DECISION and ORDER

JAMES T. FOLEY, Chief Judge.

Plaintiff Gail Podrazik, a recipient of public assistance under the Federal Aid to Families With Dependent Children (AFDC) program, 42 U.S.C. § 601 *et seq.*, brings this civil rights action under 42 U.S.C. § 1983 for declaratory and injunctive relief requesting certification of the suit as a class action pursuant to Fed.R.Civ.P. 23(a) and (b)(2). In the complaint, she seeks a declaratory judgment that defendants' policy of denying AFDC benefits to plaintiff and the purported class in reliance on N.Y.Soc. Serv.Law §§ 106 and 360 is unconstitutional, and an injunction restraining defendants from implementing those provisions by denying AFDC benefits to recipients who refuse to execute mortgages on real property owned by them in favor of their social services district. Jurisdiction is predicated on 28 U.S.C. §§ 1343(3) and (4) or, alternatively, 28 U.S.C. § 1331(a).

Plaintiff by motion now seeks a preliminary injunction. However, after review, it is my conviction that this court is without jurisdiction to entertain the instant action. Therefore, the motion of the plaintiff for a preliminary injunction is denied, and the complaint is dismissed for lack of jurisdiction.

FACTS

Plaintiff and her five infant children reside in Schenectady, New York. Until June 1, 1979, plaintiff for a substantial period has regularly received monthly AFDC benefits from defendant Staszak in the amount of $556. In August 1978, plaintiff purchased the two-family home in which she and her family live for $18,900 by making a down payment of $600 and obtaining an F.H.A. approved mortgage of $18,300.

N.Y.Soc.Serv.Law § 104(1) creates an implied contractual obligation on the part of a recipient of public assistance to repay the amount of the grant provided. Under §§ 360(1) and 106, a social services official may require a mortgage on real property owned by an AFDC recipient as a condition to the continuation of such aid. The taking of a mortgage is intended to secure the amount of the implied debt, in whole or in part. While the property is occupied by the relative who gave the mortgage or a child benefitting from the assistance granted, the mortgage may not be enforced without the written consent of the State Department of Social Services. § 360(2).

On October 17, 1978, the Schenectady County Department of Social Services (the agency) contacted appellant and requested that she execute a bond and mortgage on her real property in favor of the agency. On November 15, 1978 and again on February 6, 1979 the agency wrote to plaintiff's attorney requesting execution of the bond and mortgage. Plaintiff's refusal to do so resulted in the agency's issuance of a Notice of Intent to Discontinue Public Assistance, dated February 15, 1979, informing plaintiff of the termination of her aid on February 28, 1979 and of her right to a fair hearing. Plaintiff's timely request for administrative review continued her assistance pending a final decision. The fair hearing was held on March 26, 1979 followed by Commissioner Blum's decision of May 24, 1979 affirming the agency's determination.*

---

* In a footnote in plaintiff's brief, it is stated that a copy of the fair hearing transcript was not available to Commissioner Blum prior to the affirmance of the agency's determination. She characterizes this as a "serious procedural flaw" citing, *inter alia, Ostrowski v. City of New York*, 601 F.2d 629 (2d Cir. 1979). (Brief for Plaintiff at 8 n.4).

Aside from this passing reference, plaintiff neither bases a claim on this allegation nor seeks relief as a result of it. It is therefore unnecessary to consider it further.

Plaintiff then commenced this action by filing her complaint on June 12, 1979. She seeks to represent a class comprised of all persons eligible for AFDC benefits in New York State, including those found ineligible for failure to execute a mortgage on real property owned by them when so requested by the relevant social services official. (Complaint, ¶ 6). Plaintiff begins her challenge to the current program by noting that §§ 106 and 360 are permissive rather than mandatory. (Complaint, ¶ 22). The failure of defendants to promulgate regulations governing the discretion afforded them to require a mortgage has allegedly resulted in arbitrary and capricious implementation of the statutory scheme. (Complaint, ¶ 26). This is evidenced by, *inter alia*, the lack of a statewide uniform mortgage form, the lack of uniformity in calculating the amount of the mortgage lien, and variations regarding the charging of interest. (Complaint, ¶ 27). Failure to execute a mortgage when so requested results in the termination of benefits not only to the parent but also to the dependent children. (Complaint, ¶ 28). The lack of standards governing the statutory discretion is alleged to be the result of either an improper delegation by the state legislature of its legislative power, or the improper use by defendants of the powers delegated to them.

Plaintiff's constitutional claims allege a violation of due process and equal protection under the fifth and fourteenth amendments. (Complaint, ¶¶ 31–32). Her federal statutory claims allege a violation of the Social Security Act, 42 U.S.C. § 602(a)(1) and (3) (Complaint, ¶ 33) and 42 U.S.C. §§ 602(a) and 606(b). (Complaint, ¶ 35). Finally, her state constitutional claim alleges a violation of N.Y.Const. art. 3, § 1. (Complaint, ¶ 34).

On June 13, 1979, plaintiff moved for a preliminary injunction by an order to show cause and applied for a temporary restraining order. On the same date, counsel for the defendants consented to entry of a temporary order restraining the discontinuance of AFDC benefits to plaintiff's children.

This order has been continued and remains in effect to the present. The motion for a preliminary injunction was argued on July 18, 1979. Defendants contend that the complaint should be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

Plaintiff contends that 28 U.S.C. §§ 1343(3) and (4) give this court jurisdiction over her constitutional claims. Alternatively, she relies on 28 U.S.C. § 1331(a), the general federal question statute, alleging an amount in controversy in excess of $10,000. Pendent jurisdiction is invoked as the basis for adjudicating her federal statutory and state constitutional claims. Since this court is without power to entertain this complaint absent jurisdiction over its subject, I must first consider the alleged bases of that power seriatim.

*1. 28 U.S.C. §§ 1343(3) and (4)*

■ Section 1343(3) grants district courts jurisdiction of civil actions authorized by law brought to redress the deprivation, under color of state law, "of any right . . . secured by the Constitution of the United States or by any Act of Congress providing for equal rights . . . ." Section 1343(4) applies to authorized actions seeking relief "under any Act of Congress providing for the protection of civil rights . . . ." Jurisdiction will therefore lie if plaintiff's complaint either a) makes a constitutional claim raising a substantial federal question, or b) makes a substantial claim under a federal statute dealing with "equal" or "civil" rights.

*a) constitutional claims: substantial federal question*

■ "The substantiality doctrine as a statement of jurisdictional principles affecting the power of a federal court . . . remains the federal rule." *Hagans v. Lavine*, 415 U.S. 528, 538, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974). Moreover, where the claims have been the subject of prior adjudication, they "are constitutionally insub-

stantial only if the prior decisions inescapably render the claims frivolous . . . ." *Id.* at 537–38, 94 S.Ct. at 1379, quoting *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). Such to my mind is the case here.

■ The essence of plaintiff's claim is that the State of New York has granted county welfare commissioners discretionary power to require a mortgage on the home of a recipient of public assistance without promulgating standards to guide the exercise of that discretion. A recipient never knows why he or she was chosen to execute a mortgage when another was not. Between two recipients who are so chosen, the extent of their obligations may differ. If a recipient refuses to comply with the request, the termination of benefits extends to the non-culpable children. The result is a claimed denial of due process and equal protection of the law.

In my judgment, these claims are precluded by *Snell v. Wyman*, 281 F.Supp. 853 (S.D.N.Y.1968), aff'd, 393 U.S. 323, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969) and *Charleston v. Wohlgemuth*, 332 F.Supp. 1175 (E.D.Pa. 1971), aff'd, 405 U.S. 970, 92 S.Ct. 1204, 31 L.Ed.2d 246 (1972). *See also Akins v. Lavine*, 73–CV–12 (N.D.N.Y. September 18, 1974) (Port, J.); *Blake v. Berger*, 85 Misc.2d 865, 380 N.Y.S.2d 575 (Sup.Ct. Monroe County 1976).

In *Snell v. Wyman, supra*, a three-judge court upheld the constitutionality of Soc. Serv.Law §§ 360 and 104 which allow a local agency to require a mortgage. The court specifically rejected the contention, renewed by plaintiff here, that there was a total absence of standards violative of due process. Indeed, the necessary standards were found in the statutes themselves, 281 F.Supp. at 864 (citation and footnote omitted):

> Viewed as a charge that the state statutes are fatally "vague and standardless" . . . plaintiffs' theory fares no better. To begin with, it is not the case that the public welfare officials are left at large in enforcing the recovery provisions. The statutory complex reveals

pertinent criteria, including notably the mandate in Social Services Law § 131(1) that the responsible officials must, "whenever possible, administer such care, treatment, and service as may restore * * * [needy] persons to a condition of self-support or self-care * * *."

Plaintiff concedes that this claim was considered and rejected in *Snell*. (Brief for Plaintiff at 22). It is argued, however, that this holding was vitiated by the subsequent amendment of 18 N.Y.C.R.R. § 352.27 in 1975. Before the amendment, the regulation made the considerations governing the decision to liquidate a recipient's property applicable to the decision to take a mortgage on the property. The amendment eliminated the consideration of those factors. *See Blake v. Berger, supra*. This change is without constitutional import. *Snell* found the necessary standards explicitly and implicitly provided by the statutes themselves without reference to the regulation. The amendment of the latter does not affect the validity of the former. Moreover, it remains true, as noted in *Snell*, that the exercise of an official's discretion is subject to administrative review in departmental fair hearings and judicial review under N.Y.C.P.L.R. Article 78. N.Y.Soc. Serv.Law § 22. It is not necessary to discuss the cases cited by plaintiff invalidating governmental action under different programs. *Snell* is the relevant decision here and it remains the law. I therefore conclude that plaintiff's due process claim fails to raise a substantial federal question.

There are two branches to plaintiff's equal protection claim: 1) that disparities exist in circumstances where a request is made for the execution of a mortgage and in the amount of mortgages accepted and 2) that children of uncooperative parents are penalized for conduct over which they have no control.

■ The first branch is a variation on the theme of the allegedly illegal discretion afforded local officials. Although *Snell* upheld this discretion in the context of its discussion of due process, its reasoning is

fully applicable here. As already mentioned, the purpose of the mortgage is to provide security for the public assistance granted. Determinations as to whether such security is required, and if so to what extent, necessarily defy a single formulation. They are properly left to the judgment of the local official in the first instance, subject to administrative and judicial review. As *Snell* observed, 281 F.Supp. at 864 (footnote omitted):

> [P]laintiffs' attack upon the existence of such leeway suggests an essentially absurd alternative of mandatory enforcement. Would they, or anyone, be better off if the statutes said welfare officials "must" rather than "may" insist upon recovery in every case? The rhetorical question calls to mind the numerous and inescapable areas where decisions on the invocation of enforcement powers must be and are confided to discretion—for example, in pardoning, prosecuting and sentencing. To argue, as plaintiffs do, that the very existence of such latitude offends the Federal Constitution is to suggest a fantastic judicial power to stop the States from governing.

The second branch of plaintiff's equal protection claim is precluded by *Charleston v. Wohlgemuth, supra.* That case upheld the denial of AFDC benefits to children whose parents refused to grant liens on certain real or personal property to the Commonwealth of Pennsylvania in the face of an identical equal protection challenge. 332 F.Supp. at 1183–85.

Plaintiff argues that *Charleston* is inapplicable here because its equal protection analysis employed the "mere rationality" test of *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970), rather than "strict scrutiny" which now applies to New York residents as a result of *Tucker v. Toia,* 43 N.Y.2d 1, 400 N.Y.S.2d 728, 371 N.E.2d 449 (1977). The argument is meritless. *Tucker* is premised on a construction of N.Y.Const. art. 17, § 1. Whatever its import for state jurisprudence, it is irrelevant to equal protection analysis under federal constitutional law.

Plaintiff also cites *Rush v. Smith,* 573 F.2d 110 (2d Cir. 1978), in support of this claim. Neither Judge Friendly's opinion for the Court of Appeals nor Judge Stewart's for the District Court, 437 F.Supp. 576, identifies the denial of benefits to plaintiff's children as the constitutional claim furnishing jurisdiction. Rather, the case was decided on statutory grounds, Judge Friendly finding a basis for the relief granted in "a kind of common law of the AFDC statute." 573 F.2d at 118. While I would be bound to consider this opinion were I to exercise jurisdiction over plaintiff's statutory claims, it is not addressed to the question whether such a claim in the first instance raises a substantial constitutional question. *Charleston* holds that it does not. I therefore conclude that plaintiff's equal protection claim is insubstantial.

b) *"equal" or "civil" rights statutory claim*

 Plaintiff alleges that the implementation of §§ 360 and 106 conflicts with the provisions of the Social Security Act enumerated above. In *Chapman v. Houston Welfare Rights Organization,* —— U.S. ——, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), the Supreme Court held that the Social Security Act does not secure "equal rights" within § 1343(3) or "civil rights" within § 1343(4).

I therefore conclude that because plaintiff's complaint does not state a substantial constitutional claim, and is not brought pursuant to a federal statute securing either "equal" or "civil" rights, the court lacks jurisdiction under 28 U.S.C. §§ 1343(3) and (4).

### 2. *28 U.S.C. § 1331(a)*

Section 1331(a) grants the district courts jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States where the amount in controversy exceeds $10,000. As Judge Feinberg recently pointed out, the Supreme Court in *Chapman v. Houston Welfare Rights Organization, supra,* did not consider whether a private cause of action could be implied directly from the Social Security Act which a district court could hear under this sec-

tion. *Holley v. Lavine*, 605 F.2d 638, 646–47 (2d Cir. 1979). But that issue does not require extended consideration here since in no event does the amount put in controversy by plaintiff's complaint exceed $10,000.

■ The amount in controversy is calculated from the plaintiff's standpoint. *Kheel v. Port of New York Authority*, 457 F.2d 46, 49 (2d Cir.), *cert. denied*, 409 U.S. 983, 93 S.Ct. 324, 34 L.Ed.2d 248 (1972). The claims of the purported class members may not be aggregated to satisfy the $10,000 requirement. *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

■ The basic right for which plaintiff contends is the right to own property unencumbered by a mortgage. But as Judge Mulligan has held, plaintiffs do not discharge their obligation of establishing satisfaction of the jurisdictional requirement "if the right they seek to protect is incapable of monetary valuation." *Kiernan v. Lindsay*, 334 F.Supp. 588, 594 (S.D.N.Y.1971) (three-judge court), *aff'd*, 405 U.S. 1000, 92 S.Ct. 1295, 31 L.Ed.2d 472 (1972).

■ The value of the property cannot furnish the measure since plaintiff, whose equity therein amounts to $600, has failed to show how the mere granting of a lien upon her home will cause her a monetary loss in the requisite amount. Nor is the amount reached by multiplying over a period of time the amount of benefits plaintiff stands to lose, or any indirect damage which her family may sustain as a result of such termination. *Rosado v. Wyman*, 304 F.Supp. 1356, 1363 (S.D.N.Y.), *rev'd on other grounds*, 414 F.2d 170, 176–77, 181 (2d Cir. 1969), *rev'd on other grounds*, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

■ Finally, plaintiff invokes the "trust fund" theory to meet this requirement. *Berman v. Narragansett Racing Ass'n*, 414 F.2d 311 (1st Cir. 1969), *cert. denied*, 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681 (1970); *Bass v. Rockefeller*, 331 F.Supp. 945 (S.D.N.Y), *vacated as moot*, 464 F.2d 1300 (2d 1971); *Moore v. Betit*, 511 F.2d 1004 (2d Cir. 1975). The theory has no application here. Plaintiff's action would not create a fund to which she and the purported class members may be entitled but have heretofore been denied access, nor conserve a current fund about to be dissipated. The issue is rather individual eligibility for a public assistance program. I therefore conclude that jurisdiction under 28 U.S.C. § 1331(a) is lacking.

In sum, I hold that plaintiff's constitutional claims fail to raise a substantial federal question. They are therefore not cognizable under 28 U.S.C. § 1343(3). Further, plaintiff's federal statutory claims cannot be independently brought under 28 U.S.C. §§ 1343(3) and (4). Finally, the court is without jurisdiction under 28 U.S.C. § 1331(a) because the amount in controversy does not exceed $10,000. Since original jurisdiction is lacking, there is no occasion to exercise pendent jurisdiction over any of plaintiff's claims.

### Conclusion

For the foregoing reasons, plaintiff's motion for a preliminary injunction is denied and the complaint is dismissed for lack of jurisdiction. However, inasmuch as the temporary restraining order expires on September 15, 1979, and to allow sufficient time for the plaintiff to file a Notice of Appeal from the dismissal of this action, and to seek further stay in the Court of Appeals, Second Circuit, if she be so advised, the order herein is stayed, with continuance of the temporary restraining order until September 30, 1979, and then to expire. *See* Fed.R.App.P. 8(a).

It is so Ordered.