■ In the Matter of MARIE VAN ETTEN, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County) to review a fair hearing decision of the Commissioner of the New York State Department of Social Services which affirmed a determination of the Ulster County Department of Social Services discontinuing petitioner's grant of aid to dependent children for herself and five minor children. Petitioner and her five children were recipients of a grant of aid to dependent children (hereinafter ADC) from her local agency, the Ulster County Department of Social Services, when, during November of 1978, the local agency requested that petitioner provide it with a second mortgage on her home. Upon petitioner's refusal of this request, the local agency informed her by notice dated November 20, 1978 that her family's ADC grant would be discontinued because of her action. As a result, petitioner requested a fair hearing upon the matter from the State Commissioner of Social Services, and a hearing was held on December 14, 1978. Thereafter, in a written decision dated January 18, 1979, the commissioner affirmed the determination of the local agency, and the instant proceeding ensued. Challenging the commissioner's ruling, petitioner now seeks an order from this court either annulling completely the determination at issue here, or in the alternative, annulling the determination insofar as it discontinues aid for petitioner's five children. In our judgment, only the latter proposal has merit. Clearly, in this instance the decision to discontinue the ADC grant to both petitioner and her five children was premised solely upon petitioner's unwillingness to execute a second mortgage on her home in favor of the local agency as provided in subdivision 1 of section 360 of the Social Services Law, and such being the case, respondents obviously gave no consideration to the actual needs of the children in directing the discontinuance of the ADC grant. Under these circumstances, to sustain such a cut off of aid would serve to deprive the children of assistance only because of the wrongdoing of one of their parents in refusing to comply with a statutorily authorized request of the local agency, and this course of action has been specifically found to be impermissible in *Matter of Payne v Sugarman* (39 AD2d 720, affd on other grounds 31 NY2d 845), a case only recently cited with approval by the Court of Appeals in *Matter of Gunn v Blum* (48 NY2d 58; see, also, *Matter of Foster v Blum*, 71 AD2d 758). Accordingly, the commissioner's decision must be overruled to the extent that it directs an end to the grant of aid to petitioner's five children. As for the decision to discontinue the ADC grant for petitioner herself, however, this should not be disturbed. The pertinent statute, cited above, specifically authorizes the discontinuance of the grant to petitioner based upon her refusal to execute the second mortgage, and none of the arguments advanced by petitioner

for continuance of assistance to her personally have any substance. There is no requirement that the local agency exhaust other alleged resources of petitioner, e.g., moneys allegedly inherited by her former husband, before seeking a mortgage from petitioner on her property. Similarly, the local agency indicated its willingness to work with petitioner's attorney in arranging for the execution of the mortgage, and, consequently, petitioner cannot justify her refusal to give the second mortgage on the ground that the local agency would not give her a copy of the mortgage to take to her attorney for consultation. Determination modified, by annulling so much thereof as discontinued the ADC grant to petitioner's five children, and, as so modified, confirmed, without costs. Sweeney, Kane, Main and Casey, JJ., concur.

Mahoney, P. J., dissents and votes to confirm in the following memorandum. Mahoney, P. J. (dissenting). Although I agree with the majority's position that the discontinuance of aid to petitioner was proper because of her refusal to execute a mortgage in favor of the Department of Social Services, I disagree with that part of the holding that requires the continuance of aid to petitioner's children. Subdivision 1 of section 360 of the Social Services Law provides explicit statutory authority for requiring the execution of a mortgage as a precondition to the continuance of aid and has been upheld in the face of constitutional attack (see *Snell v Wyman,* 281 F Supp 853, affd 393 US 323). A similar Pennsylvania statute was upheld by a three-Judge District Court in *Charleston v Wohlgemuth* (332 F Supp 1175) and affirmed without opinion by the United States Supreme Court (405 US 970). In denying ADC benefits to the recipient and her children because of the parent's refusal to give a mortgage on her property to the State, the *Charleston* court declared that "The duty to execute the forms [i.e., which give rise to a lien upon the recipients' realty] rests with the adults; the denial of benefits extends to the entire family unit" *(Charleston v Wohlgemuth, supra,* p 1181). In short, the affirmances of *Charleston v Wohlgemuth (supra)* and *Snell v Wyman (supra)* by the United States Supreme Court have clearly established the constitutionality of subdivision 1 of section 360 of the Social Services Law and are controlling in the instant case *(United Lead Co. v Lehigh Val. R. R. Co.,* 156 App Div 525, affd 215 NY 751). Our courts in New York have followed these Federal decisions and have recognized section 360's conformity with Federal law *(Matter of Primeau v Toia,* 63 AD2d 814; *Matter of Alvarado v State Dept. of Social Servs.,* 59 AD2d 779; *Blake v Berger,* 85 Misc 2d 865; but see *Colon v Shang,* 74 AD2d 559). The linchpin of the majority's decision, however, does not lie in a Federal constitutional or statutory attack on section 360 of the Social Services Law. Rather, the majority relies upon a policy promulgated by the Court of Appeals in the case of *Matter of Gunn v Blum* (48 NY2d 58). In *Gunn* the court held that a parent's failure to comply with instructions from a local agency to sell a nonessential asset could not deprive the parent's children of needed assistance under ADC. The *Gunn* decision, which is based upon an underlying policy that the wrongs of the parent should not militate against the needs of the child, however, is not controlling in the instant case.* In *Gunn* the Court of Appeals was quick to

---

* The reference in *Gunn* to *Payne v Sugarman* (39 AD2d 720, affd on other grounds 31 NY2d 845), relied upon by the majority, is not indicative of affirmance by the Court of Appeals of the holding in that Second Department case.

point out that its decision was "premised not on a finding of inconsistency with Federal statute or policy, but instead on a recognition that, taken in the absence of any authorizing statute or regulation, the department's actions were unauthorized" *(Matter of Gunn v Blum, supra,* p 64, n 3). Unlike the situation in *Gunn,* where there was no authority for the agency's actions, section 360 of the Social Services Law, in the instant case, provides specific statutory authority for requiring a mortgage of a parent as a condition for continued assistance. In light of this statutory authority and the Federal cases upholding the constitutionality of subdivision 1 of section 360 of the Social Services Law, the determination of the Commissioner of Social Services should be confirmed.

---

Rather, such reference should be construed as approval of the policy of that department of not punishing children for parental wrongs. Additionally, the affirmance of the *Payne* case *(supra)* by the Court of Appeals, was based on a ground unrelated to the validity of subdivision 1 of section 360 of the Social Services Law. In fact, in a dissent to the *Payne* case *(supra,* p 847), Judge Breitel, joined by Judge Jasen, stated "As for the validity of section 360 of the Social Services Law, since the majority does not reach the question, it is enough to refer to *Snell* v. *Wyman* (281 F. Supp. 853, 867-869, affd. on motion 393 U. S. 323) upholding the conformity of that very section with applicable Federal Law."