■ In the Matter of A. V. GANDY, on Behalf of Himself, His Wife, and Their Infant Children, Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered September 12, 1980 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Department of Social Services, which reduced petitioner's grant of aid to families with dependent children by directing recoupment of petitioner's unreported tax refund. Petitioner is the recipient of public assistance benefits in the form of aid to families with dependent children (AFDC) for himself, his wife and their 11 children. The benefits are based on an assessed total budget need of $966 per month, adjusted to reflect a supplemental security income disability benefit received by petitioner and a monthly shelter allowance paid directly to the mortgagee. In this proceeding, petitioner seeks to annul a determination of the Commissioner of the New York State Department of Social Services, which affirmed the local agency's determination to recoup $908 at a 10% monthly rate for the petitioner's willful failure over a four-month period to notify the agency of the receipt of an income tax refund check in that amount, the proceeds of which he admittedly spent for payment of real estate taxes, clothing for the children, and repairs to the family dwelling. An income tax refund check is an available resource *(Matter of Richards v Lavine,* 48 AD2d 204) and, therefore, constitutes an overpayment when received by a recipient directly. When a recipient such as this petitioner withholds information concerning the receipt of the refund, and such failure to disclose is found on the basis of substantial evidence at the fair hearing to have been willful under 18 NYCRR 352.31 (d) (2), the amount of the refund is recoupable if the recoupment does not "cause undue hardship" (18 NYCRR 352.31 [d] [4]; *Matter of Reyes v Dumpson,* 40 NY2d 725). In considering the issue of "undue hardship", after the fair hearing, the respondent commissioner merely concluded that "[t]he evidence of record establishes that the appellant can and does meet those [basic] needs. Appellant's wife is employed, the family receives food stamps and public assistance, and appellant receives a pension". Inasmuch as these factors were determinative of the original grant, they serve as no predicate for a finding of lack of undue hardship when ordering a recoupment. Therefore, the conclusion drawn by the commissioner, i.e., that although the family's standard of living may be affected, the recoupment would not cause undue hardship, lacks a rational basis. Although, as found by Special Term, the "undue hardship" standard of 18 NYCRR 352.31 (d) (4) may be sufficiently precise to need no regulatory definition, the factors considered in deciding that issue herein are totally inadequate to support the administrative determination that was made. In addition to the considerations applicable to the petitioner and his wife on the issue of undue hardship are the needs of the 11 children. Where public assistance to children is involved, there are several policy considerations that come into play, including the principle that "in view of the primary goal of the AFDC program, protection of the needy child, any reduction in assistance directed to a dependent child without a corresponding decrease in that child's need, plainly thwarts the purpose of the program" *(Matter of Gunn v Blum,* 48 NY2d 58, 64). Where sanctions based upon a parent's misconduct are imposed pursuant to statute or regulation, this policy consideration controls *(Matter of Van Etten v Blum,* 79 AD2d 730). Accordingly, where, as here, the local agency seeks recoupment out of the entire AFDC grant, including that portion intended for the benefit of the

children, there must be a finding of a corresponding reduction in the children's needs *(Matter of Peck v Van Alstyne,* 82 AD2d 927; *Matter of Pao Ching Chan v Blum,* 75 AD2d 732). Since the local agency's decision to recoup was not predicated on the requisite finding, the determination affirming the local agency's decision must be annulled and the matter remitted to the local agency for further proceedings. In view of this result, we need not reach the remaining issues raised by petitioner. Judgment reversed, on the law, with costs, petition granted, and determination annulled; matter remitted to the Sullivan County Department of Social Services for further proceedings not inconsistent herewith. Sweeney, J. P., Main, Casey and Mikoll, JJ., concur.

Herlihy, J., concurs in the following memorandum. Herlihy, J. (concurring). While I am of the opinion that there was a rational basis for the decision of the commissioner, I agree that there should be a reversal in view of the recent decision of the Court of Appeals in *Matter of French v Blum* (54 NY2d 1017). Because of this and other decisions by the attorneys for petitioner herein, I feel that it is necessary to comment concerning their procedure. In his decision, the commissioner stated as follows: "It is noted, however, that reference was made at the hearing to extensive arrears for heating oil bills, although no exact proof was produced. If the appellant would present such proof to the agency the agency is directed to examine such proof, and if warranted adjust its recoupment accordingly." It appears, however, that the attorneys for petitioner, instead of reapplying to the commissioner, undertook this appeal and there is before this court a record of 136 pages, a brief of 49 pages, with a 7-page appendix, and a reply brief of 6 pages. Under such circumstances, this a classic example of the waste of public funds and I would assess costs against petitioner's attorneys, Mid-Hudson Legal Services, Inc.