### (June 28, 1973)

■ In the Matter of MARIANELA MARTINEZ, Petitioner, v. JULE M. SUGAR- MAN, as Commissioner of the Department of Social Services of the City of New York, et al., Respondents.— The petition to review a determination of the respondent Commissioner of Social Services of the State of New York, dated January 26, 1973, which upheld the termination of welfare benefits by the city's Department of Social Services, is unanimously granted to the extent of annulling the determination, on the law, and remanding for rehearing and reconsideration, without costs and without disbursements. Petitioner, the mother of two minor children, was the recipient of assistance pursuant to the Aid to Families with Dependent Children program. Her benefits were ordered terminated by the Department of Social Services of the City of New York and she demanded a fair hearing. The respondent State Commissioner ruled that petitioner failed to explain the sources of funds for moving, rent, security deposit and furniture. The only evidence introduced by the New York City Department of Social Services was an abstract which outlined its position. Petitioner was the sole witness in her behalf. While the record does raise inferences of questionable conduct by the petitioner, termination should not be allowed when it is based largely on an abstract. Due process requires that the determination be supported by more than hearsay evidence. (*Matter of Erdman* v. *Ingraham*, 28 A D 2d 5.) This is particularly true where petitioner testified that she had no moving expenses, the record is silent as to how and when the furniture was obtained, and the State Commissioner rejected petitioner's explanation of the source of funds for rent and the security deposit. However, since the record indicates that adequate evidence to support the determination may be available, the city department should be given an opportunity to adequately present it. Concur — Stevens, P. J., Kupferman, Steuer and Capozzoli, JJ.