■ In the Matter of Barbara Wayman, Petitioner, v Steven Berger, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Judgment unanimously reversed, without costs, determination annulled, and petition granted in accordance with the following memorandum: On January 2, 1975, one day prior to applying for public assistance under the Aid to Families with Dependent Children Program, petitioner transferred title in her home to her mother and claimed that she did so to remove it from the grasp of her husband's creditors. Subsequently, her application for assistance was denied and that denial was affirmed after a fair hearing by respondent State commissioner on the ground that the transfer defeated his right to take a mortgage on the property pursuant to section 360 of the Social Services Law. Petitioner appeals from a dismissal of her article 78 proceeding in which she sought to challenge the propriety of this denial. Although in certain cases the Social

Services Law expressly prohibits the grant of public assistance to applicants who have transferred property in order to apply for this aid, no such restriction is imposed with respect to Aid to Families with Dependent Children (see Social Services Law, § 349; *Matter of Shook v Lavine,* 49 AD2d 238). Thus, petitioner is not rendered ineligible for this assistance merely by reason of the transfer of her home. Nor can the fact that the transfer in this case prohibited respondents from taking a mortgage on the property operate to deny petitioner assistance. Although section 360 of the Social Services Law empowers the respondents to require applicants for this assistance to execute a mortgage on real property, at the time of her application petitioner no longer had title to the home. Thus, section 360 of the Social Services Law does not apply. Although in certain instances the welfare fraud provisions of section 145 of the Social Services Law will protect the right of respondents to take a mortgage, no allegation of fraud is made here. Furthermore, in the procedural posture of this case, respondents would be foreclosed from challenging the basis for petitioner's transfer since, on this appeal, we must accept as true petitioner's allegations concerning the reason for this transfer *(Matter of Board of Educ. of City School Dist. of City of Mount Vernon v Allen,* 32 AD2d 985). Petitioner is, therefore, entitled to assistance under the Aid to Families with Dependent Children Program retroactive for the period during which this assistance was wrongfully withheld. (Appeal from judgment of Monroe Supreme Court in article 78 proceeding to annul determination denying aid.) Present—Moule, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.