■     In the Matter of LILA PASKOFF, Individually and on Behalf of Her Infant Children, ALLEN PASKOFF and Others, Petitioner, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated May 21, 1976 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Nassau County Department of Social Services terminating a grant of aid to dependent children to the petitioner and her children. Determination annulled, on the law, without costs or disbursements, and matter remitted to the State Department of Social Services for a *de novo* hearing and a new determination. The grant in question was terminated on the ground that the petitioner was the registered owner of two automobiles, a 1970 Dodge and a 1974 Oldsmobile, and had declined to utilize their value toward the support of herself and her minor children. The petitioner alleges that the 1970 Dodge is owned and controlled by her son. The local agency has conceded that one automobile is essential to the petitioner for health reasons and is not a resource available to her for sale. However the agency did not specify its reason for choosing the Dodge instead of the Oldsmobile to satisfy the petitioner's needs. The petitioner contends that the 1970 Dodge is owned and controlled by her adult son. Thus, the sale of the 1974 Oldsmobile could leave her without an automobile for her necessary transportation. The record does not establish by substantial evidence that the petitioner is the owner of the 1970 Dodge and that the 1974 Oldsmobile is not essential to her health and living requirements (see *Matter of Knowles v Lavine,* 34 NY2d 721, 722; *Matter of Wilson v Berger,* 52 AD2d 586). In any event, the petitioner's failure to comply with the demand of the local agency could not serve to deprive her children of the assistance they were entitled to receive as the record does not indicate a present lack of need (see *Matter of Ryan v New York State Dept. of Social Servs.,* 40 AD2d 867; *Matter of Zabala v Lavine,* 48 AD2d 880, 881). Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■     In the Matter of RICHARD SIEB et al., Doing Business as SEAFORD BEVERAGE CO., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated February 18, 1976 and made after a hearing, which suspended petitioner's wholesale beer license for a period of 10 days, said penalty being temporarily deferred. Determination confirmed and proceeding dismissed on the merits, with costs. Viewing the record as a whole, the respondent's determination is supported by substantial evidence. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.