█ In the Matter of SHARON MAIER, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination unanimously annulled, without costs, petition granted, and matter remitted to the Monroe County Department of Social Services for further proceedings in accordance with the following memorandum: Petitioner, mother of three minor children, brings this article 78 proceeding by which she seeks review of respondents' determination denying her application for public assistance under the Aid to Families With Dependent Children (AFDC) program on the ground that she had an automobile available to her as a resource. In *Matter of Shook v Lavine,* (49 AD2d 238) and *Matter of Wayman v Berger* (52 AD2d 738) we held that the provisions of section 104-a of the Social Services Law and 18 NYCRR 352.23

may not be applied to deny AFDC benefits on the grounds that an applicant had made a transfer of property in order to be eligible for such assistance. (See, particularly, the opinion in *Matter of Shook v Lavine (supra),* wherein the court, per Marsh, P. J., discussed the constitutional objections to reading section 104-a of the Social Services Law as authority for denying AFDC assistance (citing *Carleson v Remillard,* 406 US 598; *Townsend v Swank,* 404 US 282; *King v Smith,* 392 US 309). There is no substantial evidence supporting respondents' finding that petitioner had a 1975 Ford LTD station wagon available to her as a resource. The proof establishes that on July 9, 1976, prior to her second application for AFDC benefits, petitioner transferred title to the automobile to her father, Peter Rock, in return for his cancellation of her indebtedness to him. The petitioner produced documentary evidence of the transfer as well as a notarized letter from Peter Rock stating that he had "repossessed" the car on the 9th of July, 1976. Petitioner's testimony at the fair hearing in this regard was uncontroverted. Moreover, the written decision following the fair hearing contained a specific finding that the petitioner had transferred title in the car to Peter Rock on the 9th of July, 1976. Therefore, on the date of petitioner's second application for AFDC assistance, petitioner did not have the automobile available to her as a resource. The proof is conclusive that the automobile had been transferred. That the transfer was allegedly illusory, or made for the purpose of obtaining assistance, is of no significance in passing on petitioner's eligibility for AFDC benefits *(Matter of Shook v Lavine, supra; Matter of Wayman v Berger, supra).* The matter should be remitted to the Department of Social Services of Monroe County with instructions to provide AFDC benefits retroactively to petitioner for the period she was wrongfully deprived of them. (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present—Moule, J. P., Cardamone, Hancock, Denman and Witmer, JJ.