◼    In the Matter of SUZANNE LEE, Petitioner, v J. HENRY SMITH, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated July 7, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency reducing the petitioner's current grant of aid to dependent children in order to recoup an amount received by the petitioner in excess of her regular

assistance. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the State commissioner for further proceedings not inconsistent herewith. In our opinion, the conclusion that the overpayment was occasioned by the petitioner's willful withholding of information was supported by substantial evidence. However, for the reasons which follow, we find it necessary to remit this matter to the State Commissioner of Social Services for a further hearing. On the record before us, we are unable to determine whether recoupment of the overpayment from the petitioner's regular grant of aid to dependent children was proper. Where the public assistance paid to the recipient is intended primarily for the support of the recipient's minor children, the children may not be charged with the wrongdoing of their parent (Griffith v Wyman, 39 AD2d 874, 875). In the instant case, the record is silent as to whether the needs of the petitioner's minor child changed during the period of the recoupment. Accordingly, at the further hearing, the State commissioner should determine whether the recoupment from the petitioner's grant had the effect of depriving her child of the assistance she was entitled to receive (see Matter of Ryan v New York State Dept. of Social Servs., 40 AD2d 867; Payne v Sugarman, 39 AD2d 720). Also, at that time, the petitioner should be permitted to renew her allegation, made for the first time in this court, that the total amount taken out of her assistance grant exceeded the amount of the overpayment sought to be recouped. Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.