■ In the Matter of AGNES M. DE PIETTO, Petitioner, v PHILIP L. TOIA, as Commissioner of the Department of Social Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated August 4, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue public assistance to petitioner and her children. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to restore the benefits in question. Petitioner received $4,100 from the sale of her house. The local agency terminated her assistance (in the aid to families with dependent children category) on the ground that those funds represented available resources which petitioner was required to expend in order to reduce her dependence on public assistance (see 18 NYCRR 352.16 [a], 352.23 [a]). At the fair hearing requested by petitioner, the local agency merely produced a statement of its position, a notice of intent to discontinue benefits and the notes of a caseworker who interviewed petitioner. The notes indicate that petitioner took the proceeds from the sale of her house, together with $700 loaned to her by her husband, and repaid a loan to her cousin. Petitioner's testimony supported this. The petitioner also produced a receipt for a $4,890 bank check payable to her cousin, a letter requesting her to repay the loan, an affidavit from her cousin indicating she received the check, and a letter stating that the cousin refused to return the funds. Nevertheless, the hearing officer determined that these funds were still available to petitioner. The State commissioner adopted that finding and affirmed the decision to terminate petitioner's benefits. The determination was conclusory and not supported by substantial evidence. Although the strict rules of evidence do not apply to administrative hearings, total reliance on hearsay evidence has been held to be a denial of due process (see *Matter of Martinez v Sugarman,* 42 AD2d 553). Although the position of the local agency was not based *entirely* on hearsay, the scant record hardly provides the substantial evidence required to support the decision (compare *Matter of Hagood v Berger,* 42 NY2d 901, with *Matter of Ford v Dumpson,* 47 AD2d 621). Although a hearing officer may reject a petitioner's testimony as self-serving *(Matter of Donato v Wyman,* 32 AD2d 1061), there was no evidence in the local

agency's records or the petitioner's testimony which would undermine her credibility. There is no indication in this record of a lack of need and, therefore, petitioner's minor children may not be deprived of the assistance they are entitled to receive (see *Matter of Paskoff v Toia,* 56 AD2d 631; *Matter of Shook v Lavine,* 49 AD2d 238; *Matter of Zabala v Lavine,* 48 AD2d 880; *Matter of Ryan v New York State Dept. of Social Servs.,* 40 AD2d 867). O'Connor, J. P., Shapiro, Cohalan and Margett, JJ., concur.