■ In the Matter of ANNA ROGERS, Petitioner, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of respondent State Commissioner of Social Services, dated September 27, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for assistance in the category of aid to families with dependent children (AFDC). Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondents for further proceedings in accordance herewith. So much of the State commissioner's determination as is predicated on petitioner's alleged failure to establish that a portion of the proceeds from the sale of her home was used to repay bona fide loans (and are therefore no longer available for her use) is not supported by substantial evidence and cannot be sustained (see *Matter of De Pietto v Toia,* 67 AD2d 663; see, also, *Matter of Maier v Toia,* 58 AD2d 1011). Additionally, assuming for the sake of argument that the State commissioner is correct in contending that petitioner divested herself of these funds voluntarily in order to qualify for assistance, the foregoing would be of no significance in passing upon her eligibility for AFDC benefits (see *Matter of Shook v Lavine,* 49 AD2d 238;

*Matter of Wayman v Berger,* 52 AD2d 738; *Matter of Maier v Toia, supra; see,* also, *Matter of Lee v Smith,* 65 AD2d 592; cf. and distinguish *Matter of Flynn v Bates,* 67 AD2d 975 [dealing with an application for *medical* assistance]); nor is the presumption regarding the voluntary transfer of assets, incorporated into section 104-a of the Social Services Law, applicable in these cases (see *Matter of Shook v Lavine, supra;* cf. and distinguish *Matter of Clement v Lavine,* 50 AD2d 63). There is, however, the matter of more than $4,000 which the petitioner realized on the sale of her home "over and above" the repayment of her outstanding loan obligations, which sum was allegedly expended between the date of the closing in April of 1977 and the date of her application for AFDC benefits on June 21, 1977. Although the petitioner offered to supply documentation in support of these . expenditures, it does not appear that the matter was ever pursued by the local agency, perhaps because the question was considered to be of little moment so long as the proof regarding the repayment of the alleged loans was deemed legally insufficient. In view of our present determination, however, the issue has taken on added significance, as the availability of these funds or their proceeds as of the date of the application would nevertheless render the denial of assistance at that time proper (petitioner has since reapplied and is presently receiving AFDC benefits). Accordingly, it is our belief that the matter must be remitted to the respondents for a further inquiry into petitioner's "needs" (i.e., lack of funds) as of the date of her original application, and in the event that the foregoing is satisfactorily established, for an award of retroactive benefits for the period during which such benefits were unlawfully withheld (see *Matter of Maier v Toia,* 58 AD2d 1011, *supra; Matter of Wayman v Berger,* 52 AD2d 738, *supra;* see, also, *Matter of De Pietto v Toia,* 67 AD2d 663, *supra; Matter of Paskoff v Toia,* 56 AD2d 631; *Matter of Zabala v Lavine,* 48 AD2d 880). Hopkins, J. P., Suozzi, Gulotta and Cohalan, JJ., concur.