■ In the Matter of Rose Foster, Respondent, v Barbara Blum, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered October 6, 1978 in Chemung County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the

fair hearing determination of the Commissioner of the New York State Department of Social Services, and remitted the matter to the Chemung County Department of Social Services and ordered respondents to continue public assistance to Mark Travis Foster, retroactive to October 1, 1978. Petitioner and her son were recipients of a grant of Aid to Dependent Children (hereinafter ADC). On May 2, 1978, the Chemung County Department of Social Services deleted petitioner's needs from the budget in computing the grant because she failed to dispose of her car valued at $1,300. On June 12, 1978, the county commissioner determined that the grant to petitioner's son Mark would be discontinued if she failed to dispose of the car. A fair hearing was held on July 18, 1978. On September 8, 1978 the respondent upheld the prior decision to discontinue ADC grants to petitioner's son. Petitioner challenged the ruling in a CPLR article 78 proceeding. Special Term granted the petition, remitted the case to Chemung County Department of Social Services to determine if Mark Foster was in need of public assistance and, pending such determination, public assistance was ordered to be continued for the son, retroactive to October 1, 1978. The appellants contend that the infant's ADC benefits may be terminated on account of the parent's refusal to dispose of a nonessential, available resource, an auto belonging to the parent. We disagree. The protection of children is the paramount goal of ADC *(King v Smith,* 392 US 309, 325). This court stated in *Matter of Edwards v Toia* (61 AD2d 1089) that "Diminution of aid to children where parents refuse to utilize available resources has been uniformly condemned." ADC is a Federal program which must be administered by the States in accordance with Federal standards. Children's ADC grants cannot be reduced absent a showing of lack of need, notwithstanding the parent's willful actions which render the parents ineligible for such benefits *(Matter of Paskoff v Toia,* 56 AD2d 631). Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Mikoll and Herlihy, JJ., concur; Main, J., not taking part.