◼ In the Matter of SHELIA CARNEY, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Chemung County) to review a determination of the Commissioner of Social Services. Following a fair hearing, the State Commissioner of Social Services affirmed the local agency's rejection of petitioner's application for ADC (Aid to Dependent Children; Social Services Law, § 343 *et seq.*) benefits for herself and her then unborn child upon the ground that a 1974 Chevrolet valued at $1,800 constituted an available resource to petitioner. In this transferred CPLR article 78 proceeding, petitioner advances several reasons to annul that determination, none of which have any merit. Since December 1, 1977, petitioner had been in receipt of a medical assistance authorization. However, on September 11, 1978, the local agency sent petitioner a notice of intent to discontinue such assistance effective September 30, 1978, upon the ground that the 1974 Chevrolet she owned constituted an excess available resource. (The discontinuance of petitioner's medical assistance was not contested and is not at issue in this proceeding.) Three days later, on September 14, 1978, petitioner transferred title to the car to her mother, with whom she had been living since January 1, 1978. On October 24, 1978, petitioner submitted an application for ADC benefits for herself and her then unborn child. On the same day, the local agency rejected the application upon the ground that the 1974 Chevrolet constituted an available resource which petitioner had failed to utilize to reduce or eliminate her need for public assistance. The State commissioner found that the credible evidence at the hearing established that when requested by the agency to sell the car and utilize the funds to reduce or eliminate her need for public assistance, petitioner instead transferred title to the car to her mother for no consideration. The commissioner concluded that the transfer was "illusory" and the car was still available to petitioner. The record contains substantial evidence to support this conclusion. Lawrence Habecker, senior welfare examiner for the local agency, testified that during a telephone conversation with petitioner on September 11, 1978, petitioner indicated that she owned a 1974 Chevrolet which was paid for in full. Mr. Habecker informed petitioner that the automobile was an available resource and that her case would be closed as long as she had the car. He further testified that petitioner told him that she would give the car to her mother in order to be eligible for Medicaid. He responded that such action would be considered a transfer of an asset for the purpose of gaining eligibility and that it would make her ineligible for medical assistance. Petitioner admitted that her mother did not pay her anything at the time of the transfer of the car. It was also established that the mother owned a car of her own which was in operating condition. Although petitioner testified that she had transferred the car to her mother for the free room and board provided to her, and for the repair and upkeep of her car by her mother, she admitted that there was no agreement that petitioner would be charged a certain amount for

room and board which was to be repaid at a later date. Petitioner's mother had cared for her since January 1, 1978 when petitioner first went to live with her mother, and petitioner's mother had given the local agency a statement dated January 6, 1978 that she would support her daughter as long as she was employed except for medical payments because her insurance coverage at work could not cover her daughter. Petitioner takes the position that since she legally transferred the car prior to her application for ADC benefits, it cannot be considered an available resource. She relies on cases which have held that the transfer of past resources, even without consideration and for the purpose of qualifying for ADC assistance, does not render ineligible an applicant for such assistance (*Matter of Shook v Lavine*, 49 AD2d 238; see *Matter of Maier v Toia*, 58 AD2d 1011; *Matter of Wayman v Berger*, 52 AD2d 738; see, also, *Matter of Lia v Berger*, 57 AD2d 838, 839). Her reliance on those cases, however, is misplaced; for unlike the instant case, the record in those cases did not contain substantial evidence to support the determination that the asset in question was an available resource. Pursuant to Federal statute, a State "shall, in determining need, take into consideration any other income and resources of any child or relative claiming [AFDC], *or of any other individual (living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid*" (US Code, tit 42, § 602, subd [a], par [7]; emphasis added), and the resources of petitioner's mother, by whom petitioner is supported, may be taken into consideration if they are available for the use of petitioner (see *Solman v Shapiro*, 300 F Supp 409, 415, affd 396 US 5). In *300 Gramatan Ave. Assoc. v State Div. of Human Rights* (45 NY2d 176, 181), the Court of Appeals explained that "substantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically". The proof within the instant record was such that it contains a rational basis from which the commissioner could "reasonably" conclude that notwithstanding the transfer, the vehicle in question was still available to petitioner. Since the determination under review is supported by substantial evidence, it must be confirmed (*300 Gramatan Ave. Assoc. v State Div. of Human rights, supra*, p 181; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.