OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiffs for an order permitting them to prosecute this action as poor persons and for a further order requiring the defendants to grant public assistance to the plaintiffs in this action.
Plaintiffs have commenced an action in Supreme Court, County of Albany, to obtain a judgment declaring a regulation of the New York State Department of Social Services (18 NYCRR 352.29 [h]) unconstitutional and to permanently enjoin defendants Kitchin and Blum and their successors in office from implementing the enforcement of the provision of 18 NYCRR 352.29 (h).
Plaintiff Brenda Knapton received $3,570.11 as an inheritance on February 16, 1982 and she spent all of the money by February 18, 1982 on household items. Section 325.29 (h) of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York requires *1004 that any lump-sum payment received by ,a public assistance recipient would be considered available to meet the needs of the public assistance household even though it has been exhausted by being spent. In such circumstances, the entire household, including minor children, are excluded from receiving public assistance for a calculated period of time.
After defendant Kitchin was notified of Brenda Knapton’s inheritance and her spending of same, he took steps to terminate public assistance pursuant to the said regulation.
Plaintiffs Kevin, Brenda and James Knapton, the minor, were all deemed ineligible to receive any public assistance effective March 10,1982, by defendant Kitchin. This action was subsequently affirmed by defendant Blum by a fair hearing decision of June 7, 1982. The plaintiffs subsequently commenced the afore-mentioned action and the instant motion.
The plaintiffs are obviously destitute and are living in a garage and unable to support themselves and have no resources which could be used to defray the expenses of this action. Even though the plaintiffs’ affidavits may fall short in technical compliance with the requirements of CPLR 1101 and 1102, this court, in the interest of justice, grants the first part of the motion of the plaintiffs permitting them to proceed as poor persons.
The plaintiffs contend that they have a meritorious cause of action under the “equal protection clause” of the New York State Constitution and the “care of the needy” clause found in article XVII of said Constitution.
This court must agree with the contentions of the plaintiffs. This family is obviously needy and there is a constitutional mandate imposing upon the State an affirmative duty to aid the needy (Tucker v Toia, 43 NY2d 1). The money received by Mrs. Knapton was spent by her and no other income is available. This is a needy family to which the State owes a duty. Whether they received a lump sum several months ago is not determinative of their present need. The plaintiffs have shown a likelihood of success on their action on the merits.
*1005 Therefore, defendants are enjoined from implementing 18 NYCRR 352.29 (h), and the plaintiffs’ second motion requiring the defendants to grant public assistance to them pending a determination of the action is also granted.