■ In the Matter of JOSEPH RIZZUTO et al., Petitioners, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: In this CPLR article 78 proceeding transferred to this court pursuant to CPLR 7804 (subd [g]) petitioners seek to annul a determination denying them Medicaid benefits. This determination was made by the Erie County Department of Social Services and upheld by the Commissioner of the New York State Department of Social Services following a fair hearing. Petitioners did not disclose in their application that 20 days previously they had closed a joint savings account having a balance of $14,731.97. When the agency discovered the existence of this account, it determined that petitioners had undeclared resources available to them in excess of those permitted for Medicaid eligibility and it denied their application. At the fair hearing petitioners claimed that the money had been withdrawn and given to their sons in consideration for past services performed by them, but the proof showed that the sons used the money, at least in part, to pay medical expenses of their parents. While it is true that under then-applicable law Medicaid benefits could not be denied to persons who made property transfers for the express purpose of becoming eligible to receive medical benefits (*Calvary Hosp. v D'Elia*, 95 AD2d 817; *Ellis v Blum*, 82 AD2d 761; *Scarpuzza v Blum*, 73 AD2d 237; *Caldwell v Blum*, 621 F2d 491, cert den 452 US 909), petitioners were not denied benefits for that reason. The sole basis of the Commissioner's determination was that the transfer of the bank account funds was "illusory" and that the money remained an available resource which petitioners failed to utilize to reduce or eliminate their need for medical assistance (see *Matter of Carney v Blum*, 75 AD2d 657). In the Commissioner's view, based upon the proof adduced at the fair hearing, there was no real transfer of funds to the sons and petitioners retained control over the disbursement of the money. ¶ This determination is supported by substantial evidence. There was proof at the fair hearing establishing that the sons used the "transferred" bank account funds for the benefit of their parents. This proof is sufficient to sustain the inference drawn by the Commissioner that the funds were a resource available to petitioners. That other inferences may be drawn from this proof is not relevant. "The inference-making function, as it is exercised at the evidentiary or fact-finding level, is exclusively that of the administrative agency" (*State Div. of Human Rights v Wagner*, 39 NY2d 865, 866). (Article 78 proceeding transferred by order of Supreme Court, Erie County, Wolf, J.) Present — Dillon, P. J., Denman, Boomer, O'Donnell and Schnepp, JJ.