■ CORINNE SUTTER, Individually and on Behalf of All Others Similarly Situated, Appellant, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Order modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The question presented in plaintiff's action for a declaratory judgment and injunctive relief is whether the defendant Commissioner of Social Services had sufficiently broad rule-making power to provide by regulation that aid to a home relief recipient who receives "nonrecurring lump sum income" must be suspended until the aggregate of the suspended aid payments equals the lump sum. ¶ Plaintiff received a lump-sum Social Security settlement in the amount of $1,320. When she notified the Social Services Department of the receipt of these funds, her public assistance was discontinued. In the ensuing four weeks, she expended the full amount of the lump sum on groceries, rent and past-due bills. When plaintiff reapplied for home relief assistance, she was advised that pursuant to the Commissioner's regulation pertaining to the receipt of a lump sum (18 NYCRR 352.29 [h]), she was ineligible for assistance for the next four months. Special Term denied plaintiff's motion for summary judgment in her declaratory judgment action and granted defendants' cross motions for summary judgment and dismissal of plaintiff's complaint. We modify by adding to the order a decretal paragraph declaring that the regulation (18 NYCRR 352.29 [h]) is constitutional and was validly enacted. ¶ The regulation in dispute, entitled "Treatment of income in excess of standard of need" provides in substance that whenever a recipient of Aid to Dependent Children (ADC) or Home Relief Assistance (HR) receives a nonrecurring lump-sum payment of money, this sum is divided by the monthly assistance grant and the recipient is disqualified from receiving assistance for the number of months which results from this calculation (18 NYCRR 352.29 [h]). The Social Services Law does not contain any statutory provisions pertaining to the receipt of lump sums. ¶ The Commissioner enacted 18 NYCRR 352.29 (h) to implement amendatory legislation enacted in 1981 changing eligibility for and the amount of public assistance (L 1981, ch 1053) following certain amendments made by the United States Congress tightening eligibility requirements in the Federal Aid to Families with Dependent Children (AFDC) program (US Code, tit 42, § 601 *et seq.*). One of the changes in the Federal AFDC program was the addition of a rule suspending aid payments to lump-sum recipients. Because the State Aid to Dependent Children (ADC) program (Social Services Law, § 343 *et seq.*) receives Federal aid pursuant to the AFDC program, amendatory legislation conforming the State ADC program to the revised Federal AFDC program was required. The State Home Relief program receives no Federal aid, and no such conforming amendments were required with respect to it. ¶ Because the State amendatory legislation (L 1981, ch 1053) contains no provision pertaining to the suspension of aid for recipients of nonrecurring lump sums, plaintiff contends that the Commissioner lacks sufficient rule-making authority to implement by regulation such a rule with respect to Home Relief recipients. We disagree. The amendments to the Social Services Law (L 1981, ch 1053),

viewed as a whole and in light of the legislative history, afford the commissioner a sufficiently "broad outline" (*Matter of Bates v Toia,* 45 NY2d 460, 464) within which to enact the regulation in question (the "lump sum" regulation, 18 NYCRR 352.29 [h]) and form an implied statutory predicate therefor (see *Matter of Bates v Toia, supra,* p 464). The bulk of the amendatory language concerns section 131-a of the Social Services Law, which contains the general eligibility requirements applicable to all State assistance programs and tightens those requirements. The purpose for the amendments was not only to conform the ADC program to Federal requirements but also to assure "general consistency between ADC and HR (i. , Home Relief)" (Governor's Program Bill Memorandum, 1981, supporting L 1981, ch 1053), in order to "prevent a shifting of case loads and expenditures from ADC to Home Relief which would otherwise result when Federal program reductions are implemented" (Governor's Program Bill Memorandum, 1981, supporting L 1981, ch 1053). For this reason almost all of the changes affect both ADC and Home Relief and it is logical to assume that the Legislature intended the Federal "lump-sum" requirement (US Code, tit 42, § 602, subd [a], par [17]) to apply to both. ¶ There are three specified instances in which the Home Relief eligibility requirements were not tightened concomitantly with those of ADC. These exceptions provide for and permit continued benefits to pregnant women, to families of full-time students under specified circumstances, and to workers involved in labor actions, and permit applicants in these groups to qualify for Home Relief although they would no longer be eligible for ADC. These exceptions are part of the statutory language (L 1981, ch 1053, §§ 3, 9, 10, 11) and are specifically discussed in the Governor's Memoranda (see Governor's Memorandum on approving L 1981, ch 1053, McKinney's Session Laws of NY, 1982, p 2586, Governor's Program Bill Memorandum, 1981, supporting L 1981, ch 1053); the Governor in his approving memorandum even estimates the additional increase in State expenditures which will be caused by the specified exceptions. Application of the rule of construction, *"expressio unius est exclusio alterius"* (McKinney's Cons Laws of NY, Book 1, Statutes, § 240), leads us to conclude that these are the only three differences between ADC and Home Relief contemplated and that the Commissioner had a sound basis for determining that the Legislature did not intend that there be a fourth exception for recipients of lump-sum windfalls. ¶ Moreover, the stated purpose of the three exceptions is to avert hardship caused by implementation of the more stringent Federal standards. Indeed the Governor's approving memorandum notes that the reductions will cause "extreme additional hardship to the State's most vulnerable citizens" and states that these hardships "are especially acute because the State is not in a position to make up more than a fraction of the reduction" (Governor's Memorandum on approving L 1981, ch 1053, McKinney's Session Laws of NY, 1982, p 2586). The exceptions reflect the State's policy concerns in the areas of education, maternal and infant health and the welfare of those who exercise their right to strike. We can discern no similar State interest in protecting people who receive windfalls. We conclude, therefore, that the Legislature *did not intend* that chapter 1053 of the Laws of 1981 should be read as containing an additional, unstated, implied exception from the general import of the legislation that both the ADC and Home Relief programs be conformed to the changes in the Federal AFDC legislation — an exception which would prohibit the Commissioner from enacting a lump-sum regulation pertaining to Home Relief recipients. ¶ The construction of a statute by the executive official charged with the responsibility of administering it is entitled to great weight unless manifestly wrong (see McKinney's Cons Laws of NY, Book 1, Statutes, § 129; *Matter of John P. v Whalen,* 54 NY2d 89, 95). We see no basis for rejecting the Commissioner's

construction of the legislation in issue here (L 1981, ch 1053). ¶ All concur, except Callahan and Doerr, JJ., who dissent and vote to modify the order, in accordance with the following memorandum.

Callahan and Doerr, JJ. (dissenting). We cannot assume, as does the majority, that the Legislature intended that the Federal "lump-sum" requirement is to apply to the State Home Relief program, which does not involve the input of any Federal funds, barring a statutory predicate for such inclusion. ¶ In *Matter of Bates v Toia* (45 NY2d 460, 464), the Court of Appeals held that "[t]he Legislature may constitutionally delegate rule-making authority to an administrative agency only if it furnishes the agency with at least a broad outline within which to act * * * Certainly, the commissioner has no authority to create rules and regulations without a statutory predicate either express or implied. Such action would be tantamount to legislation by administrative fiat and, by definition, irrational [citations omitted]". ¶ Defendants argue that the broad rule-making authority vested in the Commissioner by the Social Services Law provides the statutory authority to promulgate the questioned regulation. The Commissioner is empowered to "establish regulations for administration of public assistance and care within the state both by the state itself and by the local governmental units, *in accordance with law* (Social Services Law, § 34, subd 3, par [f], emphasis added). In our view, absent any statutory reference to the subject, this provision is insufficient to authorize the promulgation of the regulation in question. ¶ If 18 NYCRR 352.29 (h) is to be upheld, there must be found to exist an implied statutory predicate. This implied authority can readily be found insofar as the regulation applies to the ADC program. The ADC program (Social Services Law, § 343 *et seq.*) is a State program which relies in large measure on a parallel Federal program, Aid to Families with Dependent Children (AFDC; US Code, tit 42, § 601 *et seq.*). In order to obtain Federal funding, the State eligibility requirements must comply with the Federal requirements. Federal law requires that, as a condition of Federal reimbursement, States divide any lump-sum income received by AFDC recipients by their monthly need amount and disqualify them from assistance for the number of months that results from this calculation (US Code, tit 42, § 602, subd [a], par [17]). Thus, 18 NYCRR 352.29 (h) is virtually mandated and gives the Commissioner sufficient authority to promulgate the regulation for recipients in the ADC category where Federal funds are involved. "The State's statutes and regulations may not be construed inconsistently with the Federal statute which controls the disbursement of these funds (*Townsend v Swank,* 404 U. S. 282, 286)" (*Matter of Boines v Lavine,* 44 AD2d 765, 766, mot for lv to app den 34 NY2d 519, cert den 419 US 1040). ¶ This result, however, does not obtain in the case of plaintiff who was receiving Home Relief assistance. The Home Relief program (Social Services Law, § 157 *et seq.*) is financed solely by State and local funds and is not subject to any Federal requirements. The Home Relief program is designed to provide public assistance to those whose needs are not fully met by other public assistance programs (*Matter of Lee v Smith,* 43 NY2d 453). Lacking any statutory predicate, the imperative which may justify the Commissioner's promulgation of 18 NYCRR 352.29 (h) affecting recipients under the Federally funded ADC program cannot be extended to HR recipients. ¶ Clearly, an agency lacks power to fill in gaps in statutes (see *Matter of Mondello v D'Elia,* 39 NY2d 978), pass regulations inconsistent with a specific statutory provision (*Matter of Cady [Aetna Life & Cas. Co. — Lewis],* 61 NY2d 594; *Matter of Hudson v Sipprell,* 76 Misc 2d 684), or pass a regulation out of harmony with a statutory provision (*Matter of Harbolic v Berger,* 43 NY2d 102). When a regulation is promulgated concerning an issue upon which the Legislature is silent, "it is appropriate to examine the intention of the Legislature" by looking to the

statute, the legislative history and the statutes of which it is made a part (*Matter of Harbolic v Berger, supra,* p 107). ¶ The regulation promulgated by the Commissioner serves the purpose of conforming the State-Federal eligibility requirements, but runs counter to the purpose of ensuring State benefits in a situation where Federal benefits are not available, a purpose clearly intended according to the memorandum from the Governor which accompanied the conforming legislation (L 1981, ch 1053). Because the Legislature provided no guidance concerning the treatment of nonrecurring lump-sum payments received by HR recipients, the commissioner had no authority to fill the gap by administrative fiat (see *Matter of Bates v Toia, supra*). "The remedy, if there should be one, is legislative" (*Matter of Mondello v D'Elia, supra,* p 980). Therefore, we would reverse the order except for the denial of class action relief, grant plaintiff's motion for summary judgment and declare the regulation invalid insofar as it purports to have application to Home Relief recipients. ¶ (Appeal from order of Supreme Court, Monroe County, Davis, J. — declaratory judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, O'Donnell and Moule, JJ.