OPINION OF THE COURT
Edward F. McLaughlin, J.
This is an action for declaratory and injunctive relief in which the plaintiff challenges the constitutional validity and application of defendants’ administrative regulation 18 NYCRR 352.29 (h), the so-called “lump sum rule”. Defendant Perales here moves for summary judgment dismissing the action, and the plaintiff has cross-moved for summary judgment on behalf of her dependent child, Heather, age three.
The facts are not in dispute. On or about September 24, 1983, Diana Queal made an initial application for public assistance benefits on behalf of herself and her infant daughter. On October 26, 1983, Mrs. Queal entered into a settlement agreement *693 with her husband, Edward Queal, in which, among other things, she was to receive $40 per week for child support and $2,000 as a property distribution in settlement of their divorce action. About two days later, on October 28, 1983, Mrs. Queal was notified by the Jefferson County Department of Social Services that her application for public assistance had been accepted and assistance approved from September 24, 1983.
The settlement agreement entered into by the Queals was incorporated into the final judgment of divorce, which was entered on November 3, 1983. On November 30, 1983, Mrs. Queal received a “Notice of Intent to Change the Public Assistance Grant”, which advised her that her public assistance grant would be discontinued as of December 10,1983, inasmuch as she had received a lump-sum divorce settlement in the sum of $2,000. Her case was to be closed for 7 months and ,15 days, making her ineligible for public assistance until July 25, 1984. This action of the Social Services Department was taken pursuant to 18 NYCRR 352.29 (h), and Administrative Letters 82 ADM-49 and 81 ADM-55.
18 NYCRR 352.29 (h) provides as follows: “(h) Treatment of income in excess of standard of need. (1) For public assistance households, when the assistance unit’s income after application of applicable disregards exceeds the household needs, because of receipt of nonrecurring lump sum income, the family will be ineligible for aid for the full number of months derived by dividing the sum of the lump sum income and other income by the household needs for a family size which consists of the ADC or HR assistance unit plus any other individual whose lump sum income is considered available to such unit. Any income remaining from this calculation is income in the first month following the period of ineligibility. The period of ineligibility shall begin with the month of receipt of the nonrecurring income. The local district,may shorten the period of ineligibility where it finds that a life-threatening circumstance exists, and the nonrecurring income causing the period of ineligibility has been or will be expended in connection with the life-threatening circumstance. Further, until that time, the nonrecurring income must have been used to meet essential needs and, currently, the assistance unit must have no other income or resources sufficient to meet the life-threatening circumstances.”
On January 10, 1984, Mrs. Queal appeared pro se at a fair hearing before an administrative law judge. She sought to present evidence that, if her public assistance grant was to be *694 discontinued, she and her infant daughter would become destitute. Since the lump-sum amount had been expended,* her sole resource would be the $40 per week child support, which would not enable her to provide even the basic necessities for herself or her infant daughter.
On February 1, 1984, a fair hearing decision was rendered by designee of defendant Perales, which upheld defendant Wagner’s determination of discontinuance of public assistance benefits. The decision stated that the lump-sum payment to Mrs. Queal in the amount of $2,000 was sufficient to meet her needs until June 1984 under public assistance standards, thus making Mrs. Queal ineligible for public assistance pursuant to the Regulations of the State Department of Social Services (18 NYCRR 352.29 [h] [i]).
In support of her position, the plaintiff cites the NY Constitution, article XVII, which at section 1 imposes upon the State an affirmative duty to aid the needy. (Tucker v Toia, 43 NY2d 1 [1977].) Plaintiff further alleges that she and her infant daughter have been denied equal protection of the laws of this State, which protection is guaranteed by the NY Constitution, article I, § 11. Plaintiff cites Knapton v Kitchin (115 Misc 2d 1003 [Supreme Ct, Albany County 1982]), in which Justice Edward S. Conway enjoined the St. Lawrence County Department of Social Services from implementing 18 NYCRR 352.29 (h) pending final determination of the plaintiff’s action challenging the constitutionality of said regulation.
On the instant motion, counsel for Mrs. Queal has argued that the State Legislature has adopted a fundamental policy recognizing the specific duty of the State to provide care to all of the State’s children (Social Services Law §§ 131, 384-b, 395, 397, 398), and that the “lump sum rule” when applied to a child is violative of these statutes, except where the State is able to demonstrate an absence of need on the part of the child.
For their part, defendants argue that plaintiff’s claim under the NY Constitution, article XVII, § 1 is overstated inasmuch as this provision does not grant an absolute right to assistance to individuals who have ignored the reasonable conditions imposed *695 upon their continuing eligibility for public assistance. Defendants further argue that plaintiff’s equal protection challenge similarly fails in view of her conduct in rapidly expending the $2,000 sum while on active public assistance, without advising the local Department of Social Services of her receipt of this sum despite her known obligation to do so. It is submitted that the regulation at issue was promulgated by the Department of Social Services to prevent rapid expenditures of funds, and that such a provision is necessary in order for the State to participate in the Federal Aid to Families with Dependent Children Program (AFDC). In support of their position, defendants cite Knapton v Kitchin (Supreme Ct, Albany County, Apr. 27, 1984, Williams, J.) which upheld the administrative regulation, and Sutter v Perales (103 AD2d 1029 [4th Dept July 13, 1984]), which upheld the constitutionality of the regulation as applied to an adult Home Relief recipient.
It is generally recognized that State and local welfare departments may compel a parent receiving AFDC benefits to apply nonessential or windfall resources to his or her own support and that of his or her child who is also receiving AFDC benefits. It is the obligation of these departments to preserve the public fisc by compelling recipients of public assistance to utilize their own resources for their support. Moreover, it has recently been held that the Commissioner of Social Services possesses sufficient rule-making authority , to implement by regulation the “lump sum” rule with respect to Home Relief recipients. (Sutter v Perales, supra.) The Sutter case involved receipt of a lump-sum Social Security settlement in the amount of $1,320 by an adult female Home Relief recipient. In its discussion, the court reviewed the history of the enactment of 18 NYCRR 352.29 (h), a regulation necessarily enacted by the State in order to conform its Aid to Dependent Children (ADC) Program to the amended Federal AFDC Program which took effect in 1981 (42 USC § 601 et seq.). Under Sutter, Diana Queal’s individual claims must be dismissed.
The express purpose of the AFDC Program, a joint Federal and State operation designed to provide financial assistance to families with needy children, is to provide aid to dependent children. (Social Services Law § 343; 42 USC § 601; Matter of Gunn v Blum, 48 NY2d 58.) In Gunn, our Court of Appeals, citing the United States Supreme Court, reiterated the paramount goal of the program: “ ‘The public’s interest in this particular segment of the area of assistance to the unfortunate is protection and aid for the dependent child whose family requires *696 such aid for that child. The focus is on the child and, further, it is on the child who is dependent * * * The dependent child’s needs are paramount’. (Wyman v James, 400 US 309, 318)” (p 63).
This recognition has been articulated and invoked by the Federal courts in cases, such as the instant case, where termina - tian or reduction of benefits to the child is sought because of some wrong committed by the parent. (See, e.g., King v Smith, 392 US 309; Rush v Smith, 573 F2d 100; Bradford v Juras, 331 F Supp 167; Cooper v Laupheimer, 316 F Supp 264.) And, as noted by our Court of Appeals, the courts of this State have been equally vigilant in assuring the continued protection of needy children despite the “ ‘sin of the parent’ ”. (Matter of Gunn v Blum, 48 NY2d 58, 64, supra; Payne v Sugarman, 39 AD2d 720, affd on other grounds 31 NY2d 845; Matter of Foster v Blum, 71 AD2d 758; Matter of Mitchell v Toia, 63 AD2d 890.) More recently, the appellate courts of this State have held that the relevant Federal and State statutes must be interpreted to prohibit any termination of assistance to needy children because of the misconduct of their parent. (Matter of Brennin v Kirby, 79 AD2d 396 [2d Dept 1981]; Matter of Gandy v Blum, 84 AD2d 889 [3d Dept 1981].) Any reduction in assistance directed to a dependent child must be predicated upon a specific showing by the Department of a corresponding decrease in that child’s need. (Matter of Gunn v Blum, supra; Matter of Gandy v Blum, supra; Matter of Peck v Van Alstyne, 82 AD2d 927; Matter of Pao Ching Chan v Blum, 75 AD2d 732.)
It is against this background of legislative policy and intent that the regulation at issue must be examined. Of course, administrative regulations are valid only insofar as they are found to be within the framework of the policy which the Legislature and the courts have sufficiently defined. (New York City Housing Auth. v Knowles, 200 Misc 156.) If a regulation contravenes the will of the Legislature it must fall, since administrative agencies have no authority to create a rule out of harmony with a statute. (State Div. of Human Rights v Genesee Hosp., 50 NY2d 113; Matter ofHarbolic v Berger, 43 NY2d 102.)
In considering the necessity of literal construction of a statute or regulation or the propriety of a departure therefrom, it must be kept in mind that the intent of the Legislature is the primary object sought in the interpretation of statutes. (McKinney’s Cons Laws of NY, Book 1, Statutes § 111; Rankin v Shanker, 23 NY2d 111.) It is generally the rule that the literal meaning of the words used must yield when necessary to give effect to the *697 intention of the Legislature. (People ex rel. Westchester Fire Ins. Co. v Davenport, 91 NY 574; Matter of Cynthia H. v James H., 117 Misc 2d 474.) In the interpretation of statutes and administrative regulations, the spirit and purpose of the legislation and the objects to be accomplished must be considered and given effect, and the literal meanings of words are not to be adhered to or suffered to defeat the general purpose and manifest policy intended to be promoted. (People v Ryan, 274 NY 149; Matter of New York Post Corp. v Leibowitz, 2 NY2d 677; Matter of Capone v Weaver, 6 NY2d 307; Matter of Village of Gowanda v County of Erie, 25 AD2d 18, affd 19 NY2d 735; Matter of Martinez v Ficano, 28 AD2d 215.) The letter of a statute or regulation is not to be slavishly followed when it leads away from the true intent and purpose of the Legislature or leads to conclusions inconsistent with the general purpose of the statute or to consequences irreconcilable with its spirit and reason. (Matter of Kiley v Kennedy, 16 Misc 2d 969; McKinney’s Cons Laws of NY, Book 1, Statutes § 111.) In a proper case, the meaning of general words in a regulation may be restricted. The courts in construing statutes and regulations are sometimes required to . limit their application in order to avoid unjust or objectionable results. For what is within the letter of the law is not within the law unless it is within the intention of the lawmakers, particularly where the lawmakers have expressed themselves in terms of general import and policy. (Delafield v Brady, 108 NY 524.)
With these canons of construction in mind, it is apparent that the application of 18 NYCKR 352.29 (h) in this case to the infant Heather Queal cannot be sustained. To withhold public assistance to the Queal “household” and declare the Queal “family” ineligible for any public assistance for a number of months on account of the act of the parent Diana Queal is inconsistent with the expressed policy and intention of the Legislature to provide aid to dependent needy children. Consequently, the language of the regulation must be construed so as to exclude withholding of benefits to entire households or families whose members include dependent children. Any reduction in assistance directed to a dependent child under this regulation must be supported by a corresponding decrease in that child’s present need. No such adequate inquiry and finding was made in the present case by the defendants.
According to the undisputed calculations of plaintiff’s counsel, the minimal standard of need for a one person household in Jefferson County is between $184.10 per month and $198.10 per month, depending upon whether or not subsidized housing is maintained. While termination of benefits to Diana Queal may *698 be upheld, it is recognized that limiting the maintenance of Heather to $40 per week child support relegates her to a condition below what is recognized to be the minimum needed to live in Jefferson County.
Accordingly, for the reasons stated, the fair hearing decision of February 1, 1984, as affirmed by the defendant Perales is vacated and annulled insofar as applied to plaintiff Heather Queal. Summary judgment is granted on behalf of Heather Queal declaring that she is entitled to public assistance under the Social Services Law of the State of New York. Such public assistance is to continue at the previous rate of $255 per month until such time as the defendants institute and complete those lawful procedures necessary to effect any reduction in said amount now received on behalf of Heather Queal.
Summary judgment is granted to the defendants dismissing the complaint as to plaintiff Diana Queal, and the stay of enforcement of the decision of the State Department of Social Services, granted by order to show cause dated February 14, 1984, insofar as it applies to plaintiff Diana Queal, is hereby vacated.

 According to plaintiff’s affidavit, the lump sum was spent for a used car and repairs thereto, car insurance, furniture, dishes, cooking utensils, and clothing for herself and the child, groceries, a vacuum cleaner, a security deposit for her apartment, and a stereo. These items, with the exception of the stereo, which plaintiff admits was not a necessary item, were purchased to replace those items which plaintiff’s husband removed from the house during the divorce proceedings.