■ In the Matter of KENNETH CALKINS, Appellant, v CESAR A. PERALES, Individually and as Commissioner of the New York State Department of Social Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered July 25, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of the State Department of Social Services declaring petitioner and his family ineligible for public assistance.

Petitioner received public assistance in the form of aid to dependent children (ADC) through the Columbia County Department of Social Services (Columbia County). In August, 1982, petitioner received a payment in the amount of $1,018.20 for workers' compensation benefits to which he was entitled for the period from March 22, 1982 to August 19, 1982. Petitioner reported his receipt of this payment to Columbia County, but he did not turn the payment over thereto. Petitioner then received notice that his public assistance would be discontinued as of August 31, 1982 because he had received a lump-sum payment, which was being considered available to meet his needs for August and September, 1982, in accordance with 18 NYCRR 352.29 (h).

Petitioner then sought a fair hearing, contending that he was entitled to reserve up to $1,000 in resources (see 18 NYCRR 352.23 [b]) and that, because he then possessed only $35 of resources, he should have been allowed to keep $965 of his lump-sum workers' compensation benefits payment. Respondent Commissioner of the State Department of Social Services (commissioner) upheld the discontinuance of petitioner's public assistance benefits. Petitioner then commenced the instant CPLR article 78 proceeding challenging respondent commissioner's determination. Special Term upheld the determination and this appeal ensued.

Initially, there is no merit to petitioner's contention that respondent commissioner had no authority to promulgate 18 NYCRR 352.29 (h), at least insofar as this regulation applies to the ADC program (see *Sutter v Perales,* 103 AD2d 1029, 1029-1030 [majority decision], 1031 [Callahan and Doerr, JJ., dissenting, but agreeing with majority on this point]).

We further find no merit to petitioner's claim that the lump-sum payment of workers' compensation benefits is a resource from which public assistance recipients can reserve up to $1,000 (see 18 NYCRR 352.23 [b]). Petitioner argues that said benefit is not a payment of nonrecurring lump-sum income which, under 18 NYCRR 352.29 (h), must be utilized to reduce the recipient's need in the month of receipt and for so long thereafter as some of the payment remains pursuant to a specified formula. This lump-sum income regulation was promulgated to ensure that the State ADC program conformed with the Federal Aid to Families with Dependant Children (AFDC) program (see *Sutter v Perales, supra,* pp 1029, 1031), which requires, as a condition of Federal reimbursement, that States treat nonrecurring lump-sum income in a manner consistent with that described in 18 NYCRR 352.29 (h) (see US Code, tit 42, § 602, subd [a], par [17]; *Sutter v Perales, supra,* p 1031). Workers' compensation awards have recently been described as falling within the ambit of the Federal lump-sum income rule (see *Sweeney v Murray,* 732 F2d 1022, 1024) and it is logical for respondent commissioner to give a State regulation an interpretation which is consistent with that of parallel Federal legislation. Thus, we cannot say that respondent commissioner's determination that petitioner's workers' compensation award was subject to the requirements of 18 NYCRR 352.29 (h) was arbitrary and capricious.

Finally, we find no violation of equal protection. The social welfare regulation at issue herein is rationally related to such legitimate State objectives as maintaining conformity with the Federal AFDC program, so as to ensure continued participation therein, and preserving the public fisc; therefore, it is not violative of equal protection (see *Dandridge v Williams,* 397 US 471, 485; *Matter of Davis,* 57 NY2d 382, 388). Furthermore, there is nothing in the record, upon which our review is limited, to indicate that respondent commissioner has treated petitioner any differently than other public assistance recipients similarly situated (see *Yick Wo v Hopkins,* 118 US 356, 373-374; *Matter of 303 West 42nd St. Corp. v Klein,* 46 NY2d 686, 693). Accordingly, no equal protection violation has been demonstrated and the petition was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.