KEVIN KNAPTON et al., Individually and as Parents of JAMES KNAPTON, an Infant, Appellants, v DONALD E. KITCHIN, Individually and as Commissioner of the St. Lawrence County Department of Social Services, et al., Respondents.

Third Department, January 2, 1986

**APPEARANCES OF COUNSEL**

*Greater Upstate Law Project (June Castellano* and *Rene H.*

*Reixach* of counsel), and *North Country Legal Services (Jerry C. Leek* of counsel), for appellants.

*Robert Abrams, Attorney-General (Alan W. Rubenstein* and *William J. Kogan* of counsel), for Barbara Blum, respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

The facts are undisputed. Plaintiffs, the Knapton family, are recipients of public assistance under this State's Aid to Families with Dependent Children program (ADC), a program which receives Federal financing. In February 1982, plaintiff Brenda Knapton received a $3,570.11 check from a testamentary trust payable to her on attaining age 18. Within two days, she cashed the check and spent the entire proceeds on various household and personal items for herself, her husband Kevin Knapton (who has since left her and abandoned the litigation), and her son James Knapton. A short time later, she reported to the St. Lawrence County Department of Social Services (DSS) the receipt and expenditure of the trust proceeds and, on February 26, 1982, DSS notified plaintiffs that their monthly ADC payments would be terminated in March 1982 pursuant to 18 NYCRR 352.29 (h). That regulation provides, in part: "(1) For public assistance households, when the assistance unit's monthly income after application of applicable disregards exceeds the household's needs because of receipt of nonrecurring lump sum earned or unearned income, the family will be ineligible for aid for a calculated period" (18 NYCRR 352.29 [h]).

Following a fair hearing, defendant State Commissioner of Social Services sustained DSS' decision to discontinue plaintiff's benefits for 8½ months, a period calculated in accordance with the regulation by dividing the lump sum received by the ADC monthly payment amount. Plaintiffs thereafter commenced this action for declaratory and injunctive relief and moved therein for summary judgment. Special Term rejected their argument that 18 NYCRR 352.29 (h) violates NY Constitution, article XVII, § 1, as well as the due process and equal protection clauses, upheld the regulation, and granted defendants summary judgment dismissing the complaint. In light of *Sutter v Perales* (64 NY2d 1095), which held the regulation constitutional as applied to an adult, plaintiffs by their brief have limited this appeal to the claims of the Knapton child.

The contention that 18 NYCRR 352.29 (h) infringed upon

NY Constitution, article XVII, § 1 rests essentially on *Matter of Gunn v Blum* (48 NY2d 58). It was there held that " '[c]hildren's ADC grants cannot be reduced absent a showing of lack of need, notwithstanding the parents' willful actions which render the parents ineligible for such benefits' " *(supra,* at p 64, quoting *Matter of Foster v Blum,* 71 AD2d 758, 759; *see also, Matter of Paskoff v Toia,* 56 AD2d 631). The Court of Appeals in arriving at its decision noted that no statutory or regulatory provision authorized the agency's action *(Matter of Gunn v Blum, supra,* p 64).

In contradistinction, the policy consideration underlying 18 NYCRR 352.29 (h) has since been changed in that the United States Congress has declared in 42 USC § 602 (a) (17) (A) that the "family" of a person who receives a lump-sum payment shall be ineligible for aid. A stronger direction to terminate a family grant is difficult to imagine. And since, according to defendants, noncompliance with the Federal Government's lump-sum policy would jeopardize Federal assistance for New York in the financing of the ADC program, an assertion plaintiffs do not refute, a regulation conforming the State's program to the revised Federal policy was required *(see,* 42 USC § 602 [a] [17]; *Sutter v Perales,* 103 AD2d 1029, *affd* 64 NY2d 1095, *supra).* Inasmuch as "[t]he State's statutes and regulations may not be construed inconsistently with the Federal statute which controls the disbursement of these funds *(Townsend* v. *Swank,* 404 U. S. 282, 286)" *(Matter of Boines v Lavine,* 44 AD2d 765, 766, *lv denied* 34 NY2d 519, *cert denied* 419 US 1040), Special Term's determination upholding the constitutionality of this validly enacted regulation cannot be faulted.

Parenthetically, plaintiffs' due process and equal protection arguments are unpersuasive. Their due process argument resembles their equal protection challenge and that reasoning was considered and rejected in *Matter of Calkins v Perales* (107 AD2d 849, 850).

MAIN, J. P., MIKOLL, LEVINE and HARVEY, JJ., concur.

Order and judgment affirmed, without costs.