■ FLORENCE HUTCHINS, Individually and on Behalf of Her Minor Dependent Children WILLIAM HUTCHINS and Another, Appellant-Respondent, v CESAR A. PERALES, as Commissioner of New York State Department of Social Services, et al., Respondents-Appellants.—Judgment unanimously modified, on

the law, by reinstating respondents' determination terminating AFDC benefits to petitioner's minor children and, as modified, affirmed, without costs. Memorandum: In each of the cases before us, the Commissioner of Social Services suspended the public assistance benefits of the entire household in accordance with the so-called "lump-sum" rule (18 NYCRR 352.29 [h]). The common issue for resolution is whether the Commissioner validly applied the regulation to suspend the benefits of minor children of the household as a consequence of their parents' receipt of excess lump-sum income which was not turned over to the Department. We find that the Commissioner's determinations were based on a proper application of the regulation (see, Knapton v Kitchin, 113 AD2d 540, appeal dismissed 67 NY2d 917).

First, the regulation provides for suspension of payments to the entire "assistance unit", "household" and "family" and makes no distinction between Home Relief and Aid to Dependent Children (ADC) (18 NYCRR 352.29 [h]; see, Sutter v Perales, 103 AD2d 1029, 1030, affd for reasons stated below 64 NY2d 1095). Thus, the regulation clearly authorizes the action taken in these cases. Second, despite the fact that the Social Services Law contains no provisions pertaining to receipt of lump-sum income, there is sufficient statutory authority for this regulation in the Federal enabling legislation (see, Knapton v Kitchin, supra; Sutter v Perales, supra). The Federal statute provides that a "State plan for aid and services to needy families with children must * * * provide" for the suspension of benefits of the entire family upon one family member's receipt of excess lump-sum income (42 USC § 602 [a] [17] [A]). If the Commissioner had failed to promulgate this regulation in conformity with the Federal statute, Federal funding to the State's ADC program would have been jeopardized (see, Knapton v Kitchin, supra; Matter of Calkins v Perales, 107 AD2d 849, 850; Sutter v Perales, supra, p 1029). The regulation is therefore not only consistent with the enabling legislation, but is actually required by Federal law. Finally, the regulation is not contrary to NY Constitution, article XVII, § 1, which imposes an affirmative duty upon the State to aid the needy (see, Knapton v Kitchin, supra; see also, Sutter v Perales, supra). (Appeals from judgment of Supreme Court, Jefferson County, Sullivan, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.