■ In the Matter of ARTHUR CIANCIULLI, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review (1) a determination of the respondent New York State Commissioner of Social Services, dated June 23, 1983, which, after a statutory fair hearing, affirmed a determination of the local agency to discontinue the petitioner's grant of Aid to Families with Dependent Children (hereinafter AFDC) on the ground that he received income in a lump sum which exceeded his household's needs and (2) from so much of a determination of the respondent New York State Commissioner of Social Services, dated October 19, 1983, as, after a statutory fair hearing, affirmed the determination of the local agency which considered the repayment by the petitioner of a loan in the amount of $2,600 not to be an expenditure for a life-threatening circumstance and did not deduct that amount from the petitioner's lump-sum income in determining the petitioner's reapplication for AFDC.

Determination dated June 23, 1983, confirmed, and determination dated October 19, 1983, confirmed insofar as reviewed, and proceeding dismissed on the merits, without costs or disbursements.

We find that the petition is without merit. Initially, we reject the petitioner's contentions that the applicable regulation (18 NYCRR 352.29 [h]) violates both the State's affirmative constitutional duty to aid the needy *(see,* NY Const, art XVII, § 1) and the mandate of Social Services Law § 131-a to consider only the resources or income actually available to the applicant at the time when eligibility for public assistance is determined *(see, Sutter v Perales,* 64 NY2d 1095; *see also, Knapton v Kitchin,* 113 AD2d 540). Furthermore, the regula-

tion does not create an invalid conclusive presumption of availability of income *(see, Knapton v Kitchin, supra; cf. Roundtree v Berger,* 420 F Supp 282, 285, *affd* 430 US 912; *Muckey v New Mexico Dept. of Human Servs.,* 102 NM 265, 694 P2d 521, 524-525).

Finally, that portion of the State Commissioner's determination dated October 19, 1983, which states that "the repayment of the $2,600.00 of loans made by the appellant does not constitute a life-threatening situation" is supported by substantial evidence. The State Commissioner interprets life-threatening situations, a term used in the challenged regulation and in an administrative directive issued by the New York State Department of Social Services, as those situations which occur after lump-sum moneys are received and not those which are alleged to have occurred some years earlier. This interpretation is entitled to great weight unless it is manifestly wrong *(see, Sutter v Perales,* 103 AD2d 1029, 1032, *affd* 64 NY2d 1095, *supra).* We do not find this interpretation to be manifestly wrong, and accept the reasoning that the repayment of a debt for moneys borrowed several years earlier, even if expended at the time they were borrowed for circumstances which might be termed as life-threatening, is not for current life-threatening circumstances. Although the petitioner may have had a personal obligation to repay his debt and was unable to do so until receipt of his lump-sum workers' compensation award, "[a] life-threatening circumstance cannot be found to exist merely because a recipient of benefits undertook more responsibilities than [he] could afford" *(Jackson v Guissinger,* 589 F Supp 1288, 1300). We note that the effect of this determination is not limited to the petitioner himself but also applies to his family *(see, Knapton v Kitchin, supra).* Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.